■ MARCELLE ROSA et al., Respondents, v MOHAN KULKARNI et al., Appellants, et al., Defendant. — Order, Supreme Court, New York County (Gammerman, J.), entered March 15, 1982, which denied defendants' motion to submit the matter to a medical malpractice panel for a hearing, reversed, on the facts and in the exercise of discretion, without costs, and the motion to refer the case to a medical malpractice panel granted. The instant action involves a claim of medical malpractice which allegedly occurred on June 19, 1977 when the plaintiff-respondent Marcelle Rosa was admitted to defendant-appellant New York University Hospital and gave birth to a male infant. The complaint, served in September of 1977, alleged that Rosa suffered unnecessary pain and

injury, as well as psychotrauma, due to the negligence of the hospital and the anesthesiologist, also a defendant herein. After discovery had been completed, and a note of issue and certificate of readiness had been filed, the action was placed on the Trial Calendar. On October 24, 1980, a pretrial conference was held at the conclusion of which the matter was referred to a medical malpractice panel. Before the hearing by a medical malpractice panel took place, the case was conferenced again, this time before another Judge, and a disagreement arose over the anesthesiologist's purported delay in reaching the delivery room. The court, in declining to submit the action to a medical malpractice panel, held that the only question was one of fact as to the anesthesiologist's response time. The defendants then moved to compel a panel hearing pursuant to section 148-a of the Judiciary Law and rule 636.1 of the Rules of the Appellate Division, First Department (22 NYCRR 636.1). The court denied the motion, declaring that it was within its discretion to withhold from the panel's consideration a case where the only dispute does not concern a question of medical malpractice, but involves merely a factual issue as to whether the anesthesiologist delayed 45 minutes or only 30 seconds in arriving at the delivery room. The court was not warranted in concluding that there are no issues of medical malpractice alleged in the instant action. In their complaint, the plaintiffs are charging a number of deviations from accepted standards of medical practice, including the failure to make appropriate arrangements for the administration of anesthesia during the delivery, for not promptly providing her with anesthesia, and for not properly managing and supervising the delivery of intravenous medication. Moreover, there is a question regarding the medical consequences of the defendants' alleged negligence, and this would certainly be within the province of a malpractice panel. Thus, the contention regarding the extent of the anesthesiologist's delay is clearly not the only unresolved issue in the case. Concur — Sullivan, Asch and Milonas, JJ.

Kupferman, J. P., and Silverman, J., dissent in a memorandum by Silverman, J., as follows: We would affirm the order appealed from. Apart from other problems, the experience with medical malpractice panels established under section 148-a of the Judiciary Law has been that with the ever-increasing volume of medical malpractice cases and the difficulty in assembling medical malpractice panels, the backlog of cases awaiting hearing before medical malpractice hearing panels has constantly increased and trials of medical malpractice actions have been delayed — the Trial Justice said "for years" — while efforts are made to assemble the panels. (In the present case the matter was referred to a medical malpractice panel and a hearing was directed on October 24, 1980; in January, 1982 such a panel had not yet been convened for this case.) In the circumstances, it would appear desirable for the Justice presiding in the medical malpractice part (Part 27 in New York County) to have some discretion as to which medical malpractice cases to set down for hearing before a medical malpractice panel, presumably on the basis of the likelihood or unlikelihood that a useful purpose would be served in the particular case by such a hearing. We see nothing in the statute or rules that deprives the Justice of such discretion. Section 148-a of the Judiciary Law merely mandates the establishment of medical malpractice panels. That has been done. This court's rule 636.1 (22 NYCRR 636.1 [2]) requires that a calendar of all medical malpractice cases "now pending" shall be prepared. That has been done. But we see nothing which requires that when the Justice in the medical malpractice part reaches that case, he has to order a hearing before a medical malpractice panel. In the present case, the Justice presiding in Part 27 determined that the issues in the particular case did not involve much in the way of medical expertise or practice, the question being primarily

one of whether the anesthetist was available when needed, and of course the damage, if any, from such unavailability. The damage issue may indeed involve some medical expertise. But we cannot say that the Justice in Part 27 abused his discretion in determining that it was unlikely that any useful purpose would be served by ordering that this case be heard before a medical malpractice panel. We disagree with the view of the Justice of Part 27 that it would be unconstitutional to require a medical malpractice hearing in a case involving disputed issues of fact. But we think he did have the discretion to decline to order a medical malpractice hearing in this case. [113 Misc 2d 39.]