■ RONALD GOLD et al., Respondents, v HARRY HERSHEY et al., Appellants. — Order, Supreme Court, New York County (Gammerman, J.), entered March 19, 1982, which denied defendants-appellants' motion seeking a hearing before a medical malpractice panel, unanimously reversed, on the law and the facts, without costs, and the motion granted. Plaintiff claims that when he underwent an annual physical in 1978 the examining physician found a lump in his groin and told him it was fatty tissue common in men over 40 years of age and there was no need to be concerned. Defendant's report noted a "large palpable node of the left inguinal region" and a covering letter stated that plaintiff's tests revealed he was in good health and made no recommendation for any studies or treatment. Defendant claims that plaintiff was told that he had a large lymph node in his groin, the nature of which could only be determined by microscopic study, and that he was to keep it under observation. One year later, plaintiff was diagnosed as having lymphoma and underwent extensive chemotherapy for the cancer which had spread throughout his lymphatic system. Supreme Court, at a prepanel conference, denied defendants' request for a medical malpractice hearing and defendants then moved for that relief, pursuant to section 148-a of the Judiciary Law and rule 636.1 of the Rules of the Appellate Division, First Department (22 NYCRR 636.1). Special Term

decided that motion in conjunction with three others, one of which, *Rosa v Kulkarni Unibell Anesthesia* (113 Misc 2d 39), was then appealed to this court. Our decision in *Rosa* (89 AD2d 529) is controlling here. As in *Rosa,* the Supreme Court held (*supra,* at p 45) that it had discretion to rule that this case need not be submitted to a panel since the claim was solely based upon a sharp conflict of fact and "[f]or the panel to resolve this dispute between the parties would involve it in impermissible fact finding". We need not consider the permissible extent of the court's discretion under these circumstances. As in *Rosa,* we hold that the court was not warranted in concluding that only a narrow issue of fact existed. The record indicates that plaintiff made additional charges of deviation from accepted medical standards, such as defendants' failure to diagnose lymphoma or to conduct proper tests. Further, the medical consequences of the alleged malpractice are to be considered. These are issues of medical malpractice which are within the province of a malpractice panel. Concur — Sullivan, J. P., Carro and Milonas, JJ.

Silverman, J., concurs on constraint of *Rosa v Kulkarni Unibell Anesthesia* (89 AD2d 529).