OPINION OF THE COURT
Frank R. Bayger, J.
Motions have been made in each of the above-entitled malpractice actions to dispense with medical malpractice panel hearings under section 148-a of the Judiciary Law on the grounds that the cases present primarily factual issues which a malpractice panel is without authority to determine or resolve (cf. Rosa v Mohan Kulkarni Unibell Anesthesia, 113 Misc 2d 39, revd 89 AD2d 529).
In the first above-entitled action, the plaintiffs allege that the defendant hospital, through its agents, servants and employees, failed to properly monitor and observe the plaintiff, Allan Stone, following surgery and allowed him to walk about in a dazed and unsteady manner and thereby allowed him to fall and suffer serious injury on May 14, 1979. The hospital’s answer denies any wrongdoing with respect to Mr. Stone’s postoperative care and, most importantly, denies any knowledge or notice of the patient’s alleged semiconscious wanderings prior to his fall.
*890 In the second action, the 85-year-old plaintiff seeks to recover damages for serious injuries suffered when he fell in his hospital room while being moved to a wheelchair in which he was to be transported to the hospital’s urology department. The pleadings and examinations before trial present sharp issues of fact as to how the accident actually happened and what aid or assistance, if any, was given the plaintiff by the hospital’s employees. There is no dispute that both cases are, to a great extent, simple factual disputes involving questions of credibility and issues of fact which are incapable of resolution by a medical malpractice panel.
Our malpractice panel legislation was specifically intended to “facilitate the disposition of medical malpractice actions” (Judiciary Law, § 148-a, subd 1).. Experience has shown it to be a costly failure in that regard and the continued use of malpractice panels in each and every case without regard to the actual nature of the claim has been frequently criticized (see, e.g., Report of the Ad Hoc Committee on Medical Malpractice, March 19, 1980; Rosa v Mohan Kulkarni Unibell Anesthesia, supra). Malpractice panels were intended to function as a screening process and as an additional, independent expert witness whose collective judgment, in the form of a unanimous opinion as to liability, was made admissible upon trial so as to offer the jury “further guidance and insight into * * * complex and difficult area[s]” of medical practice or procedure (Comiskey v Arlen, 55 AD2d 304, 315). But not every “medical malpractice” action involves such complex or difficult medical issues. Many cases, like these present actions, present nothing more than uncomplicated, primarily factual disputes involving very little in the way of medical practice or expertise. They involve no complicated medical procedures at all. They are in essence, relatively simple negligence cases involving basic factual issues arising from easily understood allegations of professional malfeasance. They are well within the ability of any properly instructed trial jury to fairly hear and determine. To submit such uncomplicated, primarily factual disputes to malpractice panels which, in the absence of relatively settled facts, can make no definitive determination of *891 liability, serves only to further delay their ultimate disposition and to thus defeat, at substantial cost to the court and all concerned, the very purpose of section 148-a. I can’t believe the Legislature intended such a result. I share the view expressed by the Special Term Justice in Rosa (113 Misc 2d 39, supra) that panels should be dispensed with under those circumstances and while a majority of the Appellate Division, First Department, were of a contrary opinion under the facts of that case, a trial court’s discretionary authority to do so in appropriate circumstances was not disputed (see Gold v Hershey, 90 AD2d 704). I believe such relief is appropriate in these cases and the plaintiffs’ motions are, therefore, granted.