OPINION OF THE COURT
Fred T. Santucci, J.
In this action to recover for injuries suffered by the plaintiff when the bed he was sleeping in at a health-related facility collapsed, the defendant moves to set the matter down for a hearing before a medical malpractice panel. The plaintiff opposes the motion arguing that the matter is merely a negligence case founded upon the failure of the defendant to provide safe and adequate equipment, including proper hospital beds.
The facility in question is described by the moving defendant as a “dry out” center for alcoholics and by the plaintiff in opposition to the motion as a health-related facility for alcoholic withdrawal. It appears from the papers submitted that the facility has a licensed physician in residence and on call at all times and that a nurse and other support staff are on hand 24 hours a day.
The medical malpractice panel was created by the Legislature to facilitate disposition of medical malpractice actions, including actions where a hospital is named defendant (Judiciary Law § 148-a [1]). This has been extended to hospitals for the failure of nurses to carry out physicians’ orders (Bamert v Central Gen. Hosp., 77 AD2d 559), an independent medical laboratory (Calvin v Schlossman, 74 AD2d 265), and an ambulance service that *305 transported the plaintiff from one hospital to another under the oversight of medical professionals (Sigmon v County of Tompkins, 113 Misc 2d 655). Of substantial interest are the cases of Stone v Buffalo Gen. Hosp. and Szpakowski v Buffalo Gen. Hosp. (117 Misc 2d 889) in which the plaintiffs were injured as a result of falls in the defendant hospital. The defendant hospital denied any wrongdoing or knowledge of the plaintiff Stone’s wanderings prior to his fall and the pleadings and pretrial dispositions in the Szpakowski case presented sharp issues of fact as to how the accident happened. The court stated that the cases presented did not involve any complex or difficult areas of medical practice or procedure upon which a jury might need guidance or further insight, but rather nothing more than uncomplicated, primarily factual disputes involving very little in the way of medical practice or expertise and dispensed with the medical malpractice panel hearing as only narrow issues of fact existed.
If such narrow issues of fact were all that existed in the instant matter, the court would consider denial of the motion. Would it be an exercise injudicial economy to convene a panel of a no doubt busy physician, a practicing trial lawyer and a Justice of this court to attempt to make a recommendation as to a faulty bed in a facility whose definition is questionable and upon an issue which is indeed factual? I think not.
However, the allegations set forth by the plaintiff upon his complaint and in his bill of particulars are not as simple as those in the Stone and Szpakowski cases (supra).
Paragraph 9 of the plaintiff’s complaint and paragraph 3 of his bill of particulars accuse the defendant of “failing to provide medical care and attention following trauma while plaintiff was in the custody and control of the defendant”.
The examination before trial of William Sibrans, M.D., taken on April 25, 1984, indicates that he was, at the time of the accident, an employee of the defendant, that his duties were medical, that he examined the plaintiff upon his admission to the facility and subsequent to the accident in question and rendered treatment thereafter.
Under all of the circumstances, it is the opinion of the court, that issues regarding medical treatment exist which warrant a panel review. (See, Bleich v Bono, 91 AD2d 911; Tobin v Ruskin, 91 AD2d 580; Gold v Hershey, 90 AD2d 704.)
Accordingly, the motion is granted.