492 A.2d 656

**Seymour BROTHERS, et al.**

v.

**SINAI HOSPITAL, et al.**

**No. 1233, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 16, 1985.

Richard Neuworth, Baltimore (Leslie L. Gladstone, Baltimore, on brief), for appellants.

Jefferson V. Wright, Baltimore (Miles & Stockbridge, Baltimore, on brief), for appellee, Stone.

Craig B. Merkle, Baltimore (Semmes, Bowen & Semmes, Baltimore, on brief), for appellee, Brodie.

Alfred L. Scanlan, Jr., Carl R. Gold and Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, on brief for appellee, Cherry.

Patti G. Zimmerman and Smith, Somerville & Case, Baltimore, on brief, for appellee, Sinai Hospital.

Argued before GILBERT, C.J., and BISHOP and GETTY, JJ.

GILBERT, Chief Judge.

This appeal is yet another wrinkle in medical malpractice suits. The entire matter presently before us is procedural.

We need not, therefore, recite any of the factual situation giving rise to the claim.

The record shows that a panel of the Health Claims Arbitration Office (HCAO) dismissed the claim of Seymour Brothers and Bernyce Brothers, his wife, against health care providers, Dr. Joel M. Cherry, Dr. Nelson Stone, Dr. Ray Brodie, Jr., and Sinai Hospital. Obviously dissatisfied with the panel's rejection, the Brothers, within the time prescribed by Md.Rule BY2 and Courts Art. § 3–2A–06(a), filed paper writings entitled, "Notice of Rejection of Award," and "Notice of Action to Nullify Award." Both were captioned:

```
"SEYMOUR BROTHERS, et al.,   *  BEFORE THE HEALTH CLAIMS
              Claimants      *  ARBITRATION OFFICE OF
                -vs-         *  MARYLAND
JOEL M. CHERRY, M.D.,        *
et al.,                      *
              Health Care    *
              Providers      *  HCA No.:  82–139"
```

The notice of action to nullify added the words, "Mr. Clerk," and substituted the noun, "Plaintiffs," for the noun "Claimants."

It is apparent that copies, not the originals, of the two writings were filed in the Circuit Court for Baltimore City along with a "declaration." [1]

Two of the health care providers, Drs. Cherry and Stone, filed a motion raising preliminary objection, asserting that the trial court did not have jurisdiction over the case because of the Brothers' failure to abide by the Maryland Rules of Procedure. Those two health care providers noted that the "Notice of Rejection" and the "Notice of Action to Nullify" were filed in the improper forum, and only a copy of the notices was tendered to the circuit court. The hearing judge agreed with Drs. Cherry and Stone. Furthermore, the hearing court "considered the issues raised on its own motion," and then dismissed the Brothers' action

---

1. *See,* however, Md.Rule 2–101 which provides that a "civil action is commenced by filing a complaint with a court." Md.Rule BY4, nevertheless, refers to the initial pleading as a "declaration."

against all defendants. Simultaneously, the court affirmed the arbitrator's decision.

Recently in *Osheroff v. Chestnut Lodge, Inc.*, 62 Md.App. 519, 490 A.2d 720 (1985), we addressed a somewhat similar situation. There we declined to put form over substance and thus deprive a claimant of the right to litigate an issue of liability. We said:

"It must be borne in mind that the statute is strictly construed so as to effectuate the legislative purpose of screening malpractice claims *before* they reach the courts. Upon completion of the arbitration process and the filing of the correct and timely notice of rejection with the parties and court, the statutory screening process is terminated. All further proceedings are conducted in court and regulated, as are all other civil cases, by the Maryland Rules. Although judicial review of the HCAO actions might be regarded as a continuation of the arbitration proceeding, it is not. Rather, it is a new, separate, and distinct proceeding. It is litigation."

Indubitably, the Brothers complied with the statute insofar as proceedings before the HCAO were concerned, and thereby fully satisfied the legislative purpose. *Id.* It is only when the matter reached the circuit court that the Brothers fell short of strict compliance with the rules, and only then because of the failure to caption the "Notice of Action to Nullify" as being in the circuit court *vis `a vis* the HCAO. That error, we think, should not be fatal to the Brothers. The notice to nullify, the notice of rejection, and the declaration were all filed at the same time. The declaration states that the proceeding is in the circuit court, and no one reading the declaration and the other two documents can possibly be misled. Indeed, on oral argument counsel for the health care providers candidly admitted that they were not misled.

The failure to caption properly the "Notice of Action to Nullify" so as to indicate that it was being filed in the circuit court instead of with the HCAO could have been

readily altered by interlineation. Certainly, the health care providers were in no manner prejudiced by the incorrect caption. To dismiss the Brothers' claim simply because it was miscaptioned, or because the original of the miscaptioned document was filed with the HCAO and a copy thereof filed in the circuit court, patently places form over substance. In our view, the case should not have been dismissed.

JUDGMENT REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEES.