492 A.2d 946

**ALFRED MUNZER, M.D., P.A., et al.,**

v.

**Herschel N. RAMSEY, et al.**

**No. 1309, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 21, 1985.

Albert D. Brault, Rockville (Janet S. Zigler and Brault, Graham, Scott & Brault, Rockville, on brief), for appellants.

Tracy Mulligan, Rockville (Glenn H. Carlson, Washington, D.C., on brief), for appellees.

Argued before WEANT, GARRITY and ADKINS, JJ.

ADKINS, Judge.

In the Circuit Court for Montgomery County, appellees and cross-appellants Herschel Ramsey and Eunice Ramsey filed a notice of rejection of a health claims arbitration panel award in favor of appellant and cross-appellee Dr. Alfred Munzer. They also filed a declaration against Dr. Munzer to nullify the award. The circuit court, concluding that it lacked jurisdiction over the case because there was no panel award, remanded the matter "to Health Claims Arbitration" and further ordered "that the original Panel reconvene for action consistent with [its] opinion."

The parties now present seven questions as to the correctness of the circuit court's action. They seem to agree (although not necessarily for the same reasons) that there was, indeed, no award. What they disagree about is the result that should flow from that circumstance. Dr. Munzer contends that the circuit court should have dismissed the action without remand. This, he believes, would terminate the controversy finally in his favor. The Ramseys, on the other hand, argue that the remand was appropriate. They strongly contend, however, that on remand their claim against Dr. Munzer must be decided only after a full evidentiary hearing, and not in a summary fashion. This contention, it seems, may have been pre-empted by legislation enacted during the 1985 session of the General Assembly. Before we address these legal issues, we shall place this case in its factual and procedural context.

### Proceedings Below

In 1980, the Ramseys filed a medical malpractice claim with the Health Claims Arbitration Office. They sued Dr.

Munzer and four other health claim providers: three other doctors and a hospital.[1]  A health claims arbitration panel was appointed.  On September 23, 1983, after a hearing before the panel chairman, the chairman, acting alone, signed an order granting summary judgment in favor of Dr. Munzer.  The order provided "that there be entered a finding of no liability in favor of the Health Care Provider Alfred Munzer, M.D."  No costs were determined or assessed.  Although copies of the order were delivered to the parties by the panel chairman, the order was never sent to the director of the Health Claims Arbitration Office.

The four other health care providers who remained subject to the Ramseys' claim went before the arbitration panel in April 1984.  On April 3, the case was settled and a line of dismissal was entered on April 17.  No award was entered following the line of dismissal and, obviously, no copy of an award was delivered to the director.

Within thirty days after the filing of the line of dismissal, the Ramseys filed their notice of rejection of award and their declaration in the circuit court.  The "award" they sought to nullify was the 1983 summary judgment order in Dr. Munzer's favor.  Furthermore, their declaration prayed that either the circuit court nullify the award and remand the case to the panel or that it vacate the award and permit trial on the merits against Dr. Munzer.

Dr. Munzer responded with a motion to dismiss or to strike.  Essentially, he argued that the trial court lacked subject matter jurisdiction because the panel had never entered an award, and because the Ramseys had not filed a timely action to nullify the panel chairman's order granting summary judgment.  The Ramseys replied that since "no valid 'award' has been issued in respect to Dr. Munzer, the

---

1. For a summary of the general scheme of the Health Care Malpractice Claims Act and Procedures thereunder, see *Attorney General v. Johnson*, 282 Md. 274, 278–80, 385 A.2d 57, *appeal dismissed*, 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978).

matter should be remanded to the Health Claims Arbitration Office for appointment of a new panel of arbiters."

Although much of the argument below dealt with the panel chairman's authority to grant summary judgment, the circuit court, in its opinion and order, did not address that issue.[2] Nor did it discuss Dr. Munzer's contention that the Ramseys' circuit court action should have been filed within thirty days of the panel chairman's September 23, 1983, summary judgment order. Instead, it held that because no award (either following the 1983 summary judgment or following the 1984 dismissal of the remaining four claims) had ever been entered by the panel or delivered to the director, there was nothing for the Ramseys to reject or nullify. For that reason, the court concluded that it lacked jurisdiction and, as we have seen, remanded the case to the arbitration process.

### Was There An Award?

■ We agree with the circuit court that no arbitration award was ever made.

Section 3–2A–05 of the Courts and Judicial Proceedings Art. provides in pertinent part:

(d) The arbitration panel shall first determine the issue of liability with respect to a claim referred to it. If the arbitration panel determines that the health care provider is not liable to the claimant or claimants the award shall be in favor of the health provider....

(e) The award shall include an assessment of costs, including the arbitrator's fees.

(f) The arbitration panel shall make its award and deliver it to the Director within 1 year from the date on

---

2. The circuit court's order was passed on September 18, 1984. The court did not then have the benefit of our statement that "if a summary disposition is to be made, it must be made by the [arbitration] panel and not just one member of the panel." *Stifler v. Weiner,* 62 Md.App. 19, 25, 488 A.2d 192 (1985).

which all defendants have been served. The Director shall cause a copy of it to be served on each party.

\* \* \* \* \* \*

(h) Subject to § 3–2A–06, the award of the panel shall be final and binding on all parties. After the time for either rejecting or modifying the award has expired the Director shall file a copy of the award with the circuit court having proper venue . . . and the court shall confirm the award. Upon confirmation the award shall constitute a final judgment.

■ As these provisions make clear, the arbitration process is to be completed by an award that resolves the issues of liability and damages and assesses the costs of arbitration. Next, it must be delivered to the director,[3] who in turn must serve it on each party. We deem the provisions to be mandatory. *See Tranen v. Aziz,* 59 Md.App. 528, 534–35, 476 A.2d 1170, *cert. granted,* 301 Md. 471, 483 A.2d 754 (1984). For at least two reasons, the panel chairman's summary action of September 23, 1983, did not comply with these strictures.

■ First, no award embodying the order granting summary judgment was ever delivered to the director. Thus, there was no public or formal record of the chairman's action. It remained in his files, but so far as the record shows, it was not entered on any public record, such as the director's docket. COMAR 01.03.01.04. Until the formal action of delivery, the chairman was free to change his mind and to modify or revise his order. *See State v. Dowdell,* 55 Md.App. 512, 515, 464 A.2d 1089 (1983). Moreover, absent delivery to the director and his service on the parties, the time within which other actions must be taken (rejection or nullification under § 3–2A–06(a) and (b) and confirmation under § 3–2A–05(h)) never began to run. In short, there is

---

**3.** To like effect is COMAR 01.03.01.12.E.(1): "Within 5 days after the close of the hearing the arbitration panel shall submit to the Director a written award that concisely states [certain information]."

no "award" within the meaning of the statute until notice of the final action at the arbitration level is delivered to the director and by him served on the parties.

■ Failure to comply with these statutory provisions is not the omission of some unimportant and unnecessary act, such as a failure to serve notice of rejection on arbitration panel members. *See Mitcherling v. Rosselli,* 61 Md.App. 113, 484 A.2d 1060 (1984). Nor is it a mere technical failure to affix a correct caption on a document that in all other respects complies with statutory requirements. *Osherhoff v. Chestnut Lodge Inc.,* 62 Md.App. 519, 490 A.2d 720 (1985). *See also, Brothers v. Sinai Hospital,* 63 Md.App. 235, 492 A.2d 656 (1985). Rather, it is a failure to comply with a mandatory statutory provision that goes to the very heart of the health claims arbitration scheme. That failure prevents the establishment of any public record of the award, and prevents the triggering of the time required for such fundamental actions as rejection or nullification. Also, if all parties were satisfied with the chairman's decision, the absence of a properly entered and delivered award would prevent the chairman's decision from ever ripening into a final judgment. § 3–2A–05(h). An "award" that has this effect, or non-effect, is simply not the "award" contemplated by the statute.

It may be that the chairman intended to see that a final award was made, in accordance with statutory requirements, after disposition of the claims against the four health care providers other than Dr. Munzer. Such an entry of "final judgment" after the disposition of all claims would be consistent with (indeed, might be required by) the procedure mandated by Md.Rule 2–602. That rule, applicable to a court proceeding in which there are multiple claims or multiple parties, precludes the entry of an appealable final judgment as to any claim or party until "entry of judgment that adjudicates all the claims and the rights and liabilities of all the parties" unless certain conditions have been met. The Code of Maryland Regulations advises that

"[e]xcept as otherwise provided in the Act and these regulations, the Maryland Rules of Procedure govern all proceedings under the Act." COMAR 01.03.01.02. Neither the Act nor the regulations provide that Rule 2–602 shall not apply to arbitration panel proceedings. But if we assume, *arguendo*, that the rule is applicable, the fact remains that no final "judgment" or "award" was ever made. After the April 1984 settlement of the four remaining claims, no attempt to enter an award occurred, nor was anything delivered to the director. As a consequence, there was no award in this case.

■ Second, as § 3–2A–05(e) explicitly states "[t]he award shall include an assessment of costs, including the arbitrator's fees." This mandatory statutory provision is reflected in COMAR 01.03.02.12.D.(1): "An arbitration panel shall determine the arbitration costs, including arbitrator's fees, and may apportion the costs among the parties." Among the "information" that an award must contain is "[t]he arbitration costs and any apportionment thereof made under § D above." COMAR 01.03.02.12.E.(1)(c).

This requirement is no empty formality. It is an important method of assuring that at least a portion of the expense of the health claims arbitration scheme is defrayed by the parties. *See generally Tabler v. Medical Mutual Liability Ins. Society of Md.*, 301 Md. 189, 482 A.2d 873 (1984). The September 23, 1983, summary judgment order was silent as to costs. And, as the Act and accompanying regulations reveal, an "award" that does not provide for costs is not an award.

Once again, it may be that the panel chairman intended to see that an award of costs was made following the disposition of the claims against the health providers other than Dr. Munzer. If so, that did not occur. Following the April 1984 dismissal of the remaining claims, nothing was done about costs. That, too, is inconsistent with the statutory provisions for recovery of arbitration costs. And according to COMAR 01.03.01.12.F:

(1) Before an award is filed with the Director, parties who agree on a settlement may submit to the arbitration panel a written settlement agreement.

(2) An arbitration panel may incorporate a settlement agreement in its award. However, a settlement agreement does not affect any party not participating in the agreement and does not prevent a determination of the issues involving those parties by the panel.

(3) An arbitration panel *shall* determine the amount of arbitration costs incurred before settlement and may apportion the costs among the parties unless the settlement provides for the payment of the costs [emphasis supplied].

■ The purport of this provision, consistent with the statute, is to require the panel to assess pre-settlement costs of arbitration. Apportionment among the parties may be controlled by the settlement agreement, but that does not dispense with the need for a costs provision in the award.

Since costs were never "determined" at any point in this arbitration proceeding, and since an "award" must include an assessment of costs, we have no "award" before us.[4]

### *Where Do We Go From Here?*

We have held, as did the Circuit Court for Montgomery County, that no award was entered in this case. As a consequence, there was nothing for the Ramseys to reject or nullify. What now?

---

4. The Ramseys argue that there was no award in favor of Dr. Munzer because the panel chairman, acting alone, lacked authority to enter one. This is consistent with what we said in *Stifler v. Weiner,* 62 Md.App. 19, 24–25, 488 A.2d 192 (1985). Dr. Munzer asks us to reject this portion of *Stifler.* Because of the basis of our holding that there was no award in this case, we need not address these arguments. For the same reason we need not consider Dr. Munzer's argument that the Ramseys failed to take timely action to reject or nullify the September 23, 1983, "award." If, as we have held, there was no award, the question of timely action to reject or nullify it is moot.

Dr. Munzer argues that a court has no power to remand a case to the arbitration process. He thinks the case should have been dismissed and, apparently, that this would end the matter as to him. The Ramseys, on the other hand, think the circuit court was correct in ordering a remand. But they think that on remand it should be made clear that an arbitration panel (let alone a panel chairman) cannot issue a valid, dispository award without an evidentiary hearing. That is, they contend that even the majority of a panel cannot make a summary judgment-type award. They in their turn ask that we reject dicta to the contrary in *Stifler*, 62 Md.App. at 25, 488 A.2d 192.

■ "As to claims in excess of $5,000.00 against health care providers, the General Assembly has specifically mandated an exclusive procedure that must be satisfied prior to filing an action for damages in circuit court." *Schwartz v. Lilly*, 53 Md.App. 318, 321, 452 A.2d 1302 (1982). The law creates a condition precedent to institution of a court action. *Oxtoby v. McGowan*, 294 Md. 83, 91, 447 A.2d 860 (1982). "Compliance with the Act's precondition to court suit may not be avoided by express agreement of the parties or by mere oversight." *Id.* 294 Md. at 92, 447 A.2d 860. And even though failure to perform the condition precedent does not deprive the circuit court of subject matter jurisdiction, *Oxtoby*, 294 Md. at 91, 447 A.2d 860, a failure to arbitrate ordinarily will produce dismissal at the circuit court level. *Bailey v. Woel*, 302 Md. 38, 45, 485 A.2d 265 (1984).

As we have demonstrated, the lack of an arbitration award in this case means that a condition precedent to circuit court action was not performed. Dismissal of the Ramseys' circuit court case, therefore, should have been ordered. But the result of such a dismissal is not necessarily the termination of the case against Dr. Munzer. The effect of a dismissal depends upon the posture of the case when the action to nullify is filed.

In *Tranen* we affirmed a dismissal on the ground that those who sought circuit court review had failed to take

certain steps within the time mandated by the statute. The effect of that dismissal, like the failure to take a timely appeal, ended the case. *See* Md.Rule 1035 b. 3. In *Bailey v. Woel,* 302 Md. 38, 485 A.2d 265 (*affirming Bailey v. Woel,* 55 Md.App. 488, 462 A.2d 91 (1983)), both the Court of Appeals and this court affirmed a dismissal because the claimant had totally frustrated the purposes of the statute by refusing to offer evidence in an arbitration proceeding. That terminated the matter.[5]

Here we have a different situation. In both *Tranen* and *Bailey,* the failure to meet the precondition resulted in the dismissal of an action to nullify an award. The effect of the dismissal, therefore, was to prevent a challenge to the panel's determination, as embodied in its award. In the case *sub judice,* since there is no award to remain standing once we have dismissed this action to nullify, the case must return to the panel for the entry of an award. This, we think, is analogous to an appeal that reaches this court but is dismissed for lack of an appealable final judgment. In such a case, we simply dismiss the appeal for lack of jurisdiction, *see, e.g., Happy 40, Inc. v. Miller,* 57 Md.App. 589, 471 A.2d 333 (1984), and the matter goes back to the trial court for whatever proceedings may be required to produce a final judgment. Only then can a new appeal be taken. *See, e.g., Staggs v. Blue Cross of Maryland,* 61 Md.App. 381, 486 A.2d 798 (1985).

We recognize that this is not a case in which either we or the circuit court lacked jurisdiction. But, at least in the posture of this case, the failure to satisfy the precondition is

---

**5.** Dr. Munzer would have it that this is a *Bailey* situation—he says the Ramseys in effect declined to participate in the arbitration process by failing to produce or name a medical expert who was prepared to testify that Dr. Munzer or any other health care provider involved had not met the relevant standard of care. The Ramseys deny this assertion. We cannot resolve this disagreement. While the briefs are replete with assertions, the panel chairman gave no reason for his summary order of September 23, 1983, and the record of the proceedings before him is not before us. Thus, we cannot assess the validity of Dr. Munzer's argument.

functionally similar to one involving lack of subject matter jurisdiction. Accordingly, we hold that while the Ramseys' circuit court case should have been dismissed, that dismissal should be without prejudice. The effect of the dismissal would have been to return the matter to the arbitration process for entry of an award that will satisfy the statutory requirements.

In light of this holding, we need not consider the power of a circuit court to remand a case to health claims arbitration. The circuit court may have been correct in doing so, as we suggested in *Stifler*, 62 Md.App. at 25, 488 A.2d 192. *But cf. Schwartz*, 53 Md.App. at 324, 452 A.2d 1302 (reversing a circuit court judgment transferring a case from circuit court to arbitration process). Since the matter returns to arbitration in any case, we simply shall vacate that portion of the circuit court order directing remand, without deciding its validity.

As to what the arbitrators or the panel chairman may do when the case returns to arbitration, we said in *Stifler* that we saw "no reason why a claim cannot be adjudicated on [a summary] basis in those instances where it may be susceptible to such treatment." 62 Md.App. at 25, 488 A.2d 192. We see no reason to recede from this position. But as to our further statement that "if a summary disposition is to be made, it must be made by the panel and not just one member of the panel," *id.*, there may be a problem.

The problem arises because of Senate Bill 866 of the 1985 session of the General Assembly. The bill was introduced after our decision in *Stifler* had been filed. It was enacted as emergency legislation. Since it has been signed by the Governor as Ch. 104, Laws of 1985, it is now in effect. The Act amends § 3–2A–05(a) of the Courts Article to read as follows [words in brackets are deleted from the subsection; words in capitals are added to it]:

(1) [ALL] EXCEPT AS PROVIDED UNDER PARA-GRAPH (2) OF THIS SUBSECTION ALL issues of [fact and law raised by the claim and response shall be re-

ferred by the Director to the arbitration panel] LAW SHALL BE REFERRED BY THE DIRECTOR TO THE PANEL CHAIRMAN. ALL ISSUES OF FACT SHALL BE REFERRED BY THE DIRECTOR TO THE ARBITRATION PANEL.

(2) WHERE A PANEL CHAIRMAN HAS NOT BEEN APPOINTED AND THE DIRECTOR IS ADMITTED TO THE MARYLAND BAR, THE DIRECTOR MAY RULE ON ALL ISSUES OF LAW ARISING PRIOR TO HEARING THAT ARE DISPOSITIVE OF THE CASE.

Since a panel chairman has been appointed, subsection (2) is not implicated in this case. Subsection (1) does not explicitly bar either a panel or a chairman from making a summary award without an evidentiary hearing in an appropriate case. This may represent tacit legislative approval of that part of *Stifler*. As the files of the Senate Judicial Proceedings Committee (to which the bill was referred) show, the measure was introduced as a response to *Stifler*. Had the legislature intended to reject our view that summary disposition could on occasion be appropriate, it presumably would have said so. *See WSSC v. Ross*, 62 Md.App. 418, 489 A.2d 1135, 1137 (1985). What the Act might be read as doing is to overrule part of *Stifler* by authorizing the chairman, alone, to rule on questions of law.

Ch. 104 was neither introduced nor enacted when this case was decided below. Its construction was neither briefed nor argued by the parties. It is not before us, and we decline to express any views as to its meaning, scope, or validity. Indeed, in view of the lack of clarity in the record as to the precise nature of the issue before the panel chairman on September 23, 1983, we decline to express any view as to whether that issue is one of fact or law. All that will have to await another day. For the present, and for the reasons we have stated, we vacate the judgment below and remand the case with instructions to dismiss without prejudice the Ramseys' proceedings in the circuit court.

JUDGMENT VACATED. CASE REMANDED WITH INSTRUCTIONS TO DISMISS WITHOUT PREJUDICE APPELLEES' DECLARATION AND NOTICE OF REJECTION OF AWARD. COSTS TO BE PAID ONE–HALF BY APPELLANT DR. MUNZER AND ONE–HALF BY APPELLEES HERSCHEL AND EUNICE RAMSEY.