498 A.2d 626

**Josepha C. McCLURKIN**

**v.**

**Benjamin MALDONADO, Jr., et al.**

**No. 41 (Adv.), Sept. Term, 1985.**

Court of Appeals of Maryland.

Oct. 8, 1985.

Joseph C. Ruddy, Jr., Hyattsville, for appellant.

James P. Salmon, Upper Marlboro (Sasscer, Clagett, Channing & Bucher, Upper Marlboro, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

COUCH, Judge.

This appeal arises from the litigation of a medical malpractice claim under the Health Care Malpractice Claims Act, Maryland Code (1974, 1984 Repl.Vol.), Courts & Judicial Proceedings Article, Title 3, Subtitle 2A, before the Health Claims Arbitration Office (HCAO). We granted certiorari to determine whether a panel chairman, acting alone and before a panel was appointed, may dismiss a claim for failure to comply with a discovery order.

# I

## *The Facts*

On July 6, 1983, Josepha McClurkin, the appellant, filed a claim with the director of the HCAO against Dr. Ciro A. Montanez and Dr. Benjamin Maldonado, Jr., the appellees. § 3–2A–04(a).[1] Both doctors filed timely responses pursuant to § 3–2A–04(a) and they filed, at the same time, requests for discovery. § 3–2A–05(b)(2). A panel chairman, attorney Joseph Carey, was selected under the procedure contained in § 3–2A–04(b), (c), and (d).[2] In December of 1983, when McClurkin had not responded to the discovery requests, both doctors filed motions to compel discovery under the authority of Md.Rule 422(a)(2) (now Rule 2–432(b)), which were granted by Mr. Carey. Ms. McClurkin then moved for an extension of time to answer the discovery requests, and this, too, was granted. On March 2, 1984, discovery still was not completed. A motion to dismiss for failure to complete discovery was filed and on March 21, 1984, Mr. Carey, acting alone and before a panel was appointed, granted the motion; the claim was dismissed by him without prejudice.

Because the order dismissing the case failed to include a disposition of costs, *see* § 3–2A–05(e), the Director of the HCAO returned the order to Mr. Carey. On April 9, 1984, an order dismissing the claim was filed, directing Ms. McClurkin to pay the costs. On May 10, 1984, Ms. McClurkin filed a motion to reconsider, modify or vacate the panel

---

**1.** The following facts are gleaned, for the most part, from the docket entries of the Health Claims Arbitration Office. The documents themselves, aside from the original claim, are not contained in the record or the record extract. All references to Code Sections are to the Courts & Judicial Proceedings Article unless otherwise indicated.

**2.** The attorney member of the panel serves as the panel chairman and he decides all prehearing procedures including discovery issues. C & J § 3–2A–05(c). He is selected soon after the claim is filed and serves alone until immediately before the prehearing conference, at which time a health care provider and a lay member are chosen for the panel. C & J § 3–2A–04(b).

chairman's order. Responses in opposition were filed by both doctors. On June 1, 1984, Ms. McClurkin finally answered the discovery requests of the doctors by filing a Response to the Request for Production of Documents, Answers to Interrogatories, Curriculum Vitae, and Medical Records. On June 6, 1984, the panel chairman, again acting alone, filed an Opinion and Order denying Ms. McClurkin's motion to vacate or reconsider, but no award was ever entered on the HCAO docket. On June 18, the Director of the HCAO informed Ms. McClurkin by letter that she had ten days to appeal from the panel chairman's "Award."

In light of Mr. Carey's ruling and the Director's letter, Ms. McClurkin filed a notice of action in the Circuit Court for Prince George's County to nullify the panel chairman's order. She relied on § 3–2A–06(b). She also filed in that circuit court a motion to vacate the final decision or award by the chairman, see § 3–2A–06(c), arguing that the panel chairman had the authority to reconsider his order dismissing the claim. Summary judgment motions were filed by the doctors alleging that McClurkin failed to fulfill a condition precedent to the circuit court action because she failed to submit her claim to non-binding arbitration before the HCAO. The matter came on for a hearing before Judge Jacob Levin and he granted the motions for summary judgment. Ms. McClurkin appealed this judgment to the Court of Special Appeals and pursuant to our own motion we issued certiorari in order to determine whether a panel chairman has the authority to dismiss a claim. *McClurkin v. Maldonado*, 303 Md. 20, 491 A.2d 586 (1985).

## II

### *The Issue*

The issues presented by the parties focus on the panel chairman's authority to reconsider his dismissal of the claim. We perceive the issue to be more elementary:

"Whether the panel chairman, acting alone and before a panel was appointed, has the authority to dismiss a claim for failure to comply with a discovery order."

If the answer to this question is "No," then there was no award in the arbitration proceeding and the circuit court should not have proceeded. Rather, it should have noticed any such defect on its own motion. We have made it clear that the Act "creates a condition precedent to the institution of a court action...." *Oxtoby v. McGowan*, 294 Md. 83, 91, 447 A.2d 860, 865 (1982), citing *Attorney General v. Johnson*, 282 Md. 274, 283–84, 385 A.2d 57, 63, *appeal dismissed*, 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978). There we said:

> "While an arbitration panel operating under the Act is not an administrative agency, ... the legislative mandate that the arbitration procedure under the Act be followed as a precondition to invoking the general jurisdiction of a court is analogous to the doctrine of exhaustion of administrative remedies. Where the General Assembly has provided a special form of remedy and has established a statutory procedure before an administrative agency for a special kind of case, a litigant must ordinarily pursue that form of remedy and not bypass the administrative official.... So strong is this public policy that this Court will, *sua sponte*, vacate judgment and order an action dismissed where the litigants have not followed the special statutory procedure.... The public policy embodied in the Act is equally as strong as the public policy involved in the legislative creation of administrative procedures to be followed prior to invoking judicial review of agency action.... Compliance with the Act's precondition to court suit may not be avoided by express agreement of the parties or by mere oversight, at least prior to final judgment and final determination of all direct appeals."

*Oxtoby, supra*, 294 Md. at 91–92, 447 A.2d at 865 (citations omitted). Thus we can review whether the panel chairman acted within his authority in ordering the dismissal of the

claim regardless of whether this issue was raised in and decided by the lower court. *See* Md.Rule 885.

### III

### *Chairman's Authority*

At the time of the order of dismissal by the chairman, § 3–2A–05 of the Act stated in pertinent part:

"(a) *Issues to be referred by Director to panel.*—All issues of fact and law raised by the claim and response shall be referred by the Director to the arbitration panel.

. . . .

(b) *Application of other sections and Maryland Rules*

. . . .

(2) Except for the provisions of Maryland Rule 400(a) relating to time for the completion of discovery, the provisions of Chapter 400 of the Maryland Rules (Depositions and Discovery) are applicable to proceedings under this subtitle. All discovery in any action under this subtitle shall be completed within 270 days from the date on which all defendants have been served.

(c) *Chairman of panel.*—The attorney member of the panel shall be chairman and he shall decide all prehearing procedures including issues relating to discovery.

. . . .

(f) *Delivery of award to Director; service of copies.*—The arbitration panel shall make its award and deliver it to the Director in writing within 1 year from the date on which all defendants have been served. The Director shall cause a copy of it to be served on each party.

. . . .

(h) *Confirmation of award.*—Subject to § 3–2A–06, the award of the panel shall be final and binding on the parties. After the time for either rejecting or modifying the award has expired the Director shall file a copy of the award with the circuit court having proper venue, as provided in Title 6, Subtitle 2 of this article and the court

shall confirm the award. Upon confirmation the award shall constitute a final judgment."

Appellees contend that the authority to dismiss as the sanction for a failure timely to produce information in discovery was conferred on the chairman, acting alone, by § 3–2A–05(c), under which the chairman "shall decide all prehearing procedures including issues relating to discovery." Section 3–2A–05(b)(2) makes "applicable to proceedings" under the Act "the provisions of Chapter 400 of the Maryland Rules" (now Chapter 400, "Discovery," of Title 2, "Civil Procedure-Circuit Court"). Former Md.Rule 422b provided that if a party failed to obey an order requiring him to provide discovery, "the court may make such orders in regard to the failure as are just," including, in subsection (3), "[a]n order ... dismissing the action...." This incorporation of the discovery rules into the Act requires an analogy to be drawn between either the chairman or the entire panel under the Act and the circuit judge under the Rule.

In our opinion, for purposes of exercising this power of dismissal at the time the chairman acted in the instant case, this analogy is to the entire panel, and not simply to the panel chairman. This is because such a dismissal from the arbitration process is an award.

■ The Court of Special Appeals has addressed whether a panel chairman, acting alone, has authority under the statutes set forth above to enter an award by way of a summary judgment on limitations grounds and has held that the chairman has no such authority. *See Stifler v. Weiner,* 62 Md.App. 19, 488 A.2d 192, *cert. denied,* 304 Md. 96, 497 A.2d 819 (1985). There Judge Wilner explained for the court:

"The health claims arbitration act was carefully crafted to provide a balanced decision-making tribunal. Unless, pursuant to § 3–2A–04(e), the parties agree on a single arbitrator, the panel must consist of three arbitrators: an attorney, a health care provider, and a member from the

general public who is neither an attorney nor a health care provider. §§ 3–2A–03, 3–2A–04. Section 3–2A–05(a) mandates that "[*a*]*ll* issues of fact and law raised by the claim and response shall be referred by the Director *to the arbitration panel.*" (Emphasis added.) Section 3–2A–05(d) continues that "[t]he *arbitration panel* shall first determine the issue of liability with respect to a claim referred to it." (Emphasis added.) *See,* in general, *Attorney General v. Johnson,* [*supra* ].

These provisions are clear beyond doubt. A claim submitted to arbitration is to be decided by the *panel,* not by the chairman. All issues of fact and law are to be referred to and decided by the panel. Section 3–2A–05(c), permitting the chairman to decide "prehearing procedures including issues relating to discovery" cannot sensibly be read to include the power to decide the claim itself. "Prehearing procedures" means basic housekeeping matters—scheduling, postponements, things of that kind— not the power to usurp the statutory responsibility of the panel." [*Id.* at 24, 488 A.2d at 194–95.]

And *see Alfred Munzer, M.D., P.A. v. Ramsey,* 63 Md.App. 350, 492 A.2d 946 (1985). We agree with the reasoning in *Stifler* as to the necessity for panel action to enter an award, including an award as a sanction for a discovery violation, under the Act as it stood when the chairman purportedly dismissed the instant case.[3]

We do not construe the § 3–2A–05(c) power of the chairman to "decide all prehearing procedures including issues

---

**3.** This expression of agreement, however, should not be interpreted as extending to the mandate in *Stifler.* After holding that the panel chairman lacked statutory authority to dismiss, the Court of Special Appeals nevertheless affirmed the circuit court judgment which had reached the same result as had the chairman. The *Stifler* court reasoned that it would "be silly to remand the case all the way to the panel so that it could perfunctorily do what, as a matter of law, must be done." 62 Md.App. at 25, 488 A.2d at 195. While we appreciate the judicial economy motive of the court, we have serious reservations that the court, in light of its predicate holding, could properly issue a mandate affirming the circuit court.

relating to discovery" to include the power to enter an award of dismissal as a discovery sanction at the time of the dismissal now before us. In subsection (a) of § 3–2A–05 the Act principally addresses the conferral, as between chairman and panel, of the power to enter an award. So long as subsection (a) required all issues of fact and law to be referred to the arbitration panel, an interpretation of subsection (c) which would place award entering power in the chairman, even as a discovery sanction, would conflict with subsection (a), the more specific provision addressing awards.

Our conclusion is not altered by the fact that the chairman's attempted dismissal here was entered "without prejudice." If a dismissal "without prejudice" is intended to allow refiling of a claim in arbitration, the statute of limitations may have run against the claimant. If, following such a dismissal from arbitration, the claimant files a declaration in a circuit court, the action will be subject to dismissal there because the Act's condition precedent of non-binding arbitration will not have been met. We held in *Bailey v. Woel,* 302 Md. 38, 485 A.2d 265 (1984) that an award against a claimant in arbitration who had produced no proof at the hearing on the merits does not satisfy the condition precedent to a circuit court action. We said:

> "... [A]s this Court noted in *Kindley v. Governor of Maryland,* 289 Md. 620, 625, 426 A.2d 908 (1981), 'a construction of a statute which is "unreasonable, illogical or inconsistent with common sense should be avoided." ' Accepting the plaintiffs' argument would mean that the General Assembly had enacted, in §§ 3–2A–04 and 3–2A–05, an elaborate arbitration scheme providing, *inter alia,* detailed procedures for selection of arbitrators, duties of the arbitrators, and hearings before the panel, made the scheme *mandatory,* and then provided a medical malpractice claimant with the option to follow or not follow the scheme. We cannot countenance such an illogical construction of the statute." *Id.* at 43, 485 A.2d at 267.

The rationale of that holding is equally applicable to an award based on a claimant's failure to make discovery disclosures.

Consequently, we hold that the panel chairman, acting alone to dismiss the instant claim, did not at that time have the power to do so. Full panel participation was required. A further difficulty, however, arises from the fact that this case may have become moot as the result of an amendment to the Act effective April 9, 1985, as an emergency measure. By Ch. 104 of the Acts of 1985, § 3–2A–05(a) was amended so that it now reads:

> "(a)(1) Except as provided under paragraph (2) of this subsection all issues of law shall be referred by the Director to the panel chairman. All issues of fact shall be referred by the Director to the arbitration panel.
>
> (2) Where a panel chairman has not been appointed and the Director is admitted to the Maryland bar, the Director may rule on all issues of law arising prior to hearing that are not dispositive of the case."

New subsection (a) will govern further proceedings in the arbitration of this claim which, for want of an effective award, has never been dismissed from the arbitration process. If the amended Act continues to require panel action for an award of dismissal as a discovery sanction, clearly the case is not moot. If, however, the power has been shifted to the chairman, the case may be moot.

The 1985 emergency bill amending subsection (a) was introduced as a response to *Stifler. See Alfred Munzer, M.D., P.A., supra,* 63 Md.App. at 363, 492 A.2d at 952. Under amended subsection (a) a panel chairman is now authorized, acting alone, to enter an award on an issue of law, *e.g.,* granting summary judgment for the defendants on the basis of a factually undisputed record disclosing that limitations have run. But where is the power to dismiss for a discovery violation under the law-fact dichotomy of new subsection (a)? Arguably the power is with the entire panel because the determination of a motion to dismiss based on a

claimant's failure timely to make discovery disclosures frequently involves credibility issues in the evaluation of explanations. This reading of the amendment, while a possible one, perpetuates the same procedural difficulty inherent in the Act prior to the 1985 amendment. The health care provider and lay members of an arbitration panel are chosen immediately before the prehearing conference. *See* § 3–2A–04(b). Thus, when a motion to dismiss as a discovery sanction is filed, it will not necessarily be known whether a factual dispute will be presented. If the power to decide swings between the chairman and the entire panel based upon whether or not factual disputes arise, panels will either have to be sitting for all such motions or the chairman will run the risk of having to adjourn in order to reconvene with a full panel.

In our view the more reasonable interpretation of amended subsection (a) analogizes to a damage suit with prayer for jury trial. Inasmuch as non-jury medical malpractice cases at the circuit court level are few and far between, non-binding arbitration under the Act can be viewed as a precondition to a jury trial. When the Act is considered in that light, the issue of law to be decided by the chairman (or possibly the Director under subsection (a)(2)) is any issue which a circuit judge would decide in a jury damage suit at any point from filing through final judgment. Similarly, an issue of fact under new subsection (a) is an issue which would be submitted to a jury in a jury damage suit. Because a circuit judge in a jury damage suit has power, without a jury even being empaneled, to dismiss an action for a discovery violation, new subsection (a) vests that power in an arbitration proceeding with the chairman.

In the instant matter the panel chairman, prior to the amendment, ordered dismissal and then, after the claimant had tendered certain discovery materials, the chairman declined to reconsider the dismissal ruling, apparently on the

ground that he had no power to reconsider. These factors do not moot the instant case, even under amended subsection (a) as we have interpreted it.

A facile answer to mootness would be that there is no guarantee the same individual who previously dismissed the instant claim will again be assigned as chairman in further proceedings in arbitration. The more substantial answer lies in the nature of the determination whether to dismiss for a discovery violation. Once the adjudicator has determined a party has violated a discovery rule, the choice of sanctions involves weighing a number of factors including the seriousness of the violation and the extent of prejudice suffered by the adversary. See, in the context of criminal causes discovery, *Bailey v. State*, 303 Md. 650, 496 A.2d 665 (1985) [No. 2 (Adv.), Sept. Term, 1985, filed September 5, 1985]; *Warrick v. State*, 302 Md. 162, 486 A.2d 189 (1985). Particularly in view of the fact that what has been submitted by the claimant in attempted compliance with discovery obligations can form part of the record before the chairman when dismissal is considered in further proceedings in this case, the chairman may properly exercise discretion at that time either to grant or deny dismissal as the sanction. Thus the case is not moot.

Accordingly, the circuit court should have dismissed the action before it without prejudice. The effect of such a dismissal in this case would have been to return the matter to the arbitration process until such time as an award were entered which would satisfy the statutory requirements. *See Alfred Munzer, M.D., P.A., supra,* 63 Md.App. at 363, 492 A.2d at 952.

JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY VACATED. CASE REMANDED TO THAT COURT FOR THE ENTRY OF AN ORDER CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY THE APPELLEES.