## LOUISE C. BAILEY ET VIR v. GERARD WOEL ET AL.

[No. 1669, September Term, 1982.]

*Decided July 15, 1983.*

The cause was argued before MOYLAN and WEANT, JJ., and JOHN E. RAINE, JR., Chief Judge of the Third Judicial Circuit, specially assigned.

*Charles E. Mentzer* for appellants.

*Angus R. Everton,* with whom were *Anderson, Coe & King* on the brief, for appellee Woel. *I. Marshall Seidler,* with whom were *Eccleston & Seidler* on the brief, for appellee Baltimore County General Hospital.

RAINE, J., delivered the opinion of the Court.

On October 5, 1979 the appellants filed a malpractice claim with the Health Claims Arbitration Office. On February 1, 1982 a panel was convened to hear testimony

and the parties and counsel were present. However, without stating any reason the appellants knowingly and voluntarily declined to present any testimony to the panel. Whereupon, after extensive discussion, the panel ruled that the claim would be dismissed and on March 12, 1982 an Order was passed dismissing the claim.

On April 22, 1982, the appellants, pursuant to Rule BY1 filed a Petition to Nullify an award, coupled with a statement of claim and a prayer for jury trial. One of the health care providers (a hospital) filed a Motion Ne Recipiatur; the other (a doctor) filed a Motion Raising a Preliminary Objection. The Motion Ne Recipiatur was based on the fact that the arbitration panel was still considering a petition for the allowance of costs and counsel fees filed by the health care providers and that the appellants' Petition to Nullify was premature. The Motion Raising a Preliminary Objection rested on the contention that a claimant cannot circumvent the arbitration process by withholding testimony, thereby preventing the panel from making a determination on the issue of liability as the panel is required to do by provisions in the Health Care Malpractice Claims law, Section 3-2A-05(d), Courts and Judicial Proceedings. The lower court granted both Motions and it is from that action that this appeal was taken.

Since we affirm the granting of the Motion Raising a Preliminary Objection, we need not consider whether the Motion Ne Recipiatur had become moot when the panel finally denied the claim for costs and fees prior to the lower court's ruling. The Health Care Malpractice Claims statute has been carefully considered and declared valid in *Attorney General* vs. *Johnson,* 282 Md. 274 (1978). The statute "in essence requires that malpractice disputes be submitted to non-binding arbitration as a condition precedent to the institution of a court action. . .". The appellants by refusing to go forward at the hearing before the arbitration panel has, in effect, refused to submit to the non-binding arbitration process. Having failed to meet the condition precedent, the appellants could not bring or pursue an action for medical

injury against a health care provider. The clear language of Section 3-2A-02 permits no other conclusion.

> *Judgment affirmed; appellants to pay the costs.*