544 A.2d 1

**Minnie L. ROBINSON**

v.

**Sylvan PLEET, et al.**

**No. 1650, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

July 14, 1988.

Certiorari Denied Oct. 11, 1988.

Nicholas D. Dale, Bethesda (Louis A. Ebersold, Rockville, on the brief), for appellant.

Charles N. Ketterman (Susan A. Polis and Donahue, Ehrmantraut & Montedonico, Chartered, on the brief), Baltimore, for appellees.

Argued before BISHOP, ALPERT and ROBERT M. BELL, JJ.

ALPERT, Judge.

Minnie L. Robinson, the claimant and the appellant herein, filed a medical malpractice claim with the Health Claims Arbitration Office ("HCAO"). She named as defendants the following health care providers: Dr. Sylvan Pleet, Dr. Sylvan Pleet, P.A., Howard S. Freundlich, D.D.S. and Dr. Howard S. Freundlich, P.A. Her claim was dismissed by the chairperson of the arbitration panel for failure to file a certificate of qualified expert as required by § 3–2A–04(b)(1) of the Courts & Judicial Proceedings Article of the Maryland Annotated Code.

Under that provision of the Code, a claim filed after July 1, 1986

shall be dismissed, without prejudice, if the claimant fails to file a certificate of a qualified expert with the Director attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury, within 90 days from the date of the complaint.

Cts. & Jud. Proc. § 3–2A–04(b)(1) (1987 Cum.Supp.).[1] Subsection (b)(5), however, also provides that "[a]n extension of the time allowed for filing a certificate of a qualified expert under this subsection may be granted for good cause shown."

Appellant's claim was filed on November 3, 1986. More than five months later, on April 27, 1987, one of the defendants, Dr. Sylvan Pleet, moved to dismiss the arbitration claim because the certificate of qualified expert had not been filed within the appropriate time period. The chairperson of the panel dismissed the claim without prejudice on May 11, before appellant was able to respond to the motion. Appellant belatedly filed an opposition to the motion to dismiss on May 13, and included with it the required certificate. On the 20th of May appellant also filed a motion for reconsideration of the dismissal. On May 27, the HCAO Director entered an award in favor of the appellees. The decision to affirm the dismissal was sent by letter on June 1, 1987. Subsequently, on June 18, appellant filed a complaint with the Circuit Court for Baltimore County, seeking to nullify and vacate the arbitration award. On November 10, 1987, Judge Edward A. DeWaters, Jr. granted appellees' motion to dismiss and cited (according to the docket entry) § 3–2A–04(b)(1), the certificate requirement, as grounds for the dismissal.

Appellant does not dispute that counsel failed to file the certificate of qualified expert within the applicable 90–day

---

1. All other statutory references found herein are to the Courts and Judicial Proceedings Article unless otherwise indicated.

period. She contends that her claim was nonetheless erroneously dismissed and raises the following questions for our review:

 I. Did the Court err in dismissing the case?

 II. Is the requirement of the certificate of qualified expert in health care malpractice cases unconstitutional?

 III. Did the Court err in failing to vacate the award of the Health Claims Arbitration Office?

## I.

A. *Dismissal on substantive grounds.*

Preliminarily, appellant asserts that, despite the dismissal for noncompliance with the statute, she should nonetheless be able to proceed to trial since her failure to comply was unintentional. She argues that she should be allowed access to the courts since she cannot refile her claim with the HCAO inasmuch as the statute of limitations has run and since she "has demonstrated that the claim has *prima facie* merit by filing the expert's certificate [albeit a late filing]." Essentially, her argument is that the purpose of the Health Claims Act is to discourage frivolous claims and that because she has now demonstrated the *prima facie* merit of her case by filing the certificate, her failure to comply with the prerequisites of the statute should not prevent her from filing suit in circuit court. We disagree with her view as to the late filing of the certificate.

It is well-settled that the submission of malpractice disputes to the HCAO is a "condition precedent to the institution of a court action." *See Attorney General v. Johnson,* 282 Md. 274, 385 A.2d 57, *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978); *Bailey v. Woel,* 55 Md. App. 488, 462 A.2d 91 (1983), *aff'd,* 302 Md. 38, 485 A.2d 265 (1984). In *Johnson,* the Court of Appeals upheld the constitutionality of the Health Claims Act and held that "the statute merely requires that malpractice claims be submitted to nonbinding arbitration before suit may be filed."

*Johnson,* 282 Md. at 287, 385 A.2d 57 (footnote omitted). In *Bailey,* the claimants presented no evidence before the arbitration panel, and when their case was dismissed by the panel, they filed suit in circuit court. Both this Court and the Court of Appeals held that a claimant who presents no evidence to the panel has not satisfied the condition precedent necessary to bring suit in circuit court; he has not in reality "submitted his claim" to arbitration.

The dismissal of appellant's claim for failure to comply with the Act similarly prevented appellant from satisfying the condition precedent necessary to file suit in court. A dismissal, whether it occurs because the claimant refused to present any evidence or because she failed to comply with the statutory procedure necessary to maintain her claim, prevented the arbitration panel from hearing the merits of the claim. As the Court of Appeals noted in *Bailey* : "[This] Court in *Johnson* interpreted the Act as requiring a *thorough dispute resolution process. . . .*" 302 Md. at 42, 485 A.2d 265 (emphasis added). The claim asserted by appellant never proceeded to any dispute resolution process, and this failure was a result of appellant's own failure to comply with a clear directive of the Act.

*Wyndham v. Haines,* 305 Md. 269, 503 A.2d 719 (1986), relied upon by appellant, is inapposite. In *Wyndham,* the claimants presented their case to an arbitration panel but the claim was dismissed at the conclusion of the claimants' case because "the claimants had failed to establish a prima facie case of either of their causes of action." *Id.* at 271, 503 A.2d 719. Accordingly, judgment was entered in favor of the health care provider. The claimants properly rejected the award and filed an action in circuit court to vacate and nullify the arbitration award. On motion of the health care provider, the trial court dismissed the action because:

> Plaintiffs failed to properly submit their claim to Health Claims Arbitration because they failed to produce enough testimony at the arbitration hearing to establish a prima facie case of liability.

*Id.* at 272–73, 503 A.2d 719. The Court of Appeals reversed and held that the Wyndhams' failure to present a prima facie case of liability was not the equivalent of a failure to arbitrate under *Bailey*. *Id*. Unlike the parties in *Wyndham*, however, appellant never presented the merits of her case to the arbitrators.

B. *Dismissal upon judicial review*

Casting her argument in a different light, appellant seems to contend that because the proceedings conducted in the circuit court are "... a new, separate, and distinct proceeding ...," *Osheroff v. Chestnut Lodge*, 62 Md.App. 519, 525, 490 A.2d 720, *cert. denied*, 304 Md. 163, 497 A.2d 1163 (1985), she must be allowed to proceed to trial on the merits, and that "she is punished by the circuit court solely for an unintentional failure at arbitration." Had the claim reached the merits before the arbitration panel and had there been an award based on the merits, then trial *de novo* would have been conducted in the circuit court in accordance with the principles set forth in *Hahn v. Suburban Hospital*, 54 Md.App. 685, 461 A.2d 7 (1983), if appropriate post-arbitration procedures were followed. Under the facts herein, however, appellant clearly is not entitled to that same *de novo* proceeding. The fact that the requisite certificate is on file before the circuit court does not resuscitate the claim that died in Health Claims Arbitration. Certainly, appellant was entitled to and did in fact receive judicial review of the panel chairman's action by compliance with § 3–2A–06. The chairman could have been wrong but was not. On this point, dismissal by the circuit court was appropriate. Judge Rodowsky, speaking for the Court of Appeals in *Oxtoby v. McGowan*, 294 Md. 83, 447 A.2d 860 (1982), said:

> The [Health Claims Arbitration] Act ... does not take away the subject matter jurisdiction of a circuit court to hear and render judgments in cases involving claims which fall within the Act. "[T]his statute, which in essence requires that malpractice disputes be submitted to nonbinding arbitration" creates "a condition precedent

to the institution of a court action...." *Attorney General v. Johnson,* 282 Md. 274, 283–84, 385 A.2d 57, 63, *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978). But the General Assembly has forcefully expressed in § 3–2A–02(a) its intent that this condition precedent be satisfied. ("An action or suit of that type may not be brought or pursued in any court of this State except in accordance with this subtitle.") While an arbitration panel operating under the Act is not an administrative agency, *see Johnson, supra,* 282 Md. at 285, 385 A.2d at 63, the legislative mandate that the arbitration procedure under the Act be followed as a precondition to invoking the general jurisdiction of a court is analogous to the doctrine of exhaustion of administrative remedies. Where the General Assembly has provided a special form of remedy and has established a statutory procedure before an administrative agency for a special kind of case, a litigant must ordinarily pursue that form of remedy and not bypass the administrative official. *Prince George's County v. Blumberg,* 288 Md. 275, 418 A.2d 1155 (1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981). So strong is this public policy that this Court will, *sua sponte,* vacate judgment and order an action dismissed where the litigants have not followed the special statutory procedure.

*Id.* at 91, 447 A.2d 860.

A similar result obtained in *Bright v. Unsatisfied Claim & Judgment Fund Board,* 275 Md. 165, 338 A.2d 248 (1975). In *Bright,* the plaintiff sought to recover from the Fund for injuries sustained in an automobile accident. The Superior Court of Baltimore City dismissed the claim because the plaintiff failed to notify the Board of the action within 15 days from the institution of his action for enforcement of the claim, as required by Art. 66½, § 154(a)(4) (1957, 1967 Repl. Vol.). The Court of Appeals affirmed and found that receipt of notice by the Fund within the prescribed 15–day period was a condition precedent to recovery from the Fund. In that case, as in this case, compliance

with the procedural requirements of the statute was a precondition to recovery; unfortunately, the ultimate merit of the claim is irrelevant if the claimant failed to comply with the statute.

## II.

We believe appellant's attack on the constitutionality of the certificate requirement is meritless. She argues that since her claim was dismissed for failure to provide the certificate and since the statute of limitations has run and thus prevents her from refiling, she has been denied her constitutional right to have her claim tried by a jury.

The law is replete with procedural hurdles over which a plaintiff must jump before his claim can be heard in court. If the plaintiff through his own fault misses one of those hurdles, he will not be heard to complain of his inability to maintain his cause of action. For example, in *Tranen v. Aziz*, 59 Md.App. 528, 476 A.2d 1170 (1984), *aff'd*, 304 Md. 605, 500 A.2d 636 (1985), this court held that a claimant who failed to file a notice of rejection of the award and a notice of an action to nullify the award did not satisfy the statutory requirements of § 3–2A–06 of the Health Claims Act and thus could not maintain suit on the claim in circuit court.

Appellant, however, attempts to place upon appellees the responsibility for her failure to file the certificate. She asserts that "the late filing of the expert's report [was] occasioned by defense delay" in completing discovery. She notes in particular that § 3–2A–05(b)(2) provides 270 days in which to comply with discovery requests. It appears from dates included in appellant's brief that appellee Pleet, upon whom interrogatories and a request for the production of documents were served, met this deadline.[2] Appellant

---

**2.** Appellant's brief states that the discovery request was served on appellee Pleet on November 3, 1986 and that Pleet responded on March 27, 1987. Copies of these documents were not provided in the record extract.

nevertheless argues that "[i]t is often impossible to have an expert review without information from the defense and very little information can be obtained and reviewed within the first ninety days, particularly if the defense does not respond to discovery requests expeditiously."

The Act, however, explicitly gives a claimant the right to request an extension of the 90 day period if he establishes good cause. *See* § 3–2A–04(b)(5). Appellant failed to exercise this right. We perhaps would be faced with an entirely different situation if appellant had requested an extension and presented evidence that the certificate could not be filed until discovery was completed. As it stands, appellant failed to comply within the 90 day time period and failed to request an extension. Appellant further complains that "... [she] has been totally denied her right to trial by jury, or any adjudication on the merits by any factfinder, because of a procedural, not a substantive, defect in her case, the failure to timely file the required certificate." She is correct in the sense that her own "procedural" default has doomed her claim. But it is not the statute that has denied her a jury trial. It has amply provided an opportunity to be heard, *see Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), as well as the right to trial by jury. That there exist certain prerequisites to that jury trial does not render the statute unconstitutional; the exercise of the right is always subject to "reasonable regulation." *See Lucky Ned Pepper's v. Columbia Park & Rec.,* 64 Md.App. 222, 232–33, 494 A.2d 947 (1985).

### III.

Finally, appellant posits that the circuit court improperly failed to grant her motion to vacate the arbitration award. She raises two related arguments in support of this claim. First, she asserts that the motion to dismiss should not have been granted as to all four defendants since the motion to dismiss was filed only by Sylvan Pleet, D.D.S. Appellant argues that even if dismissal was proper, it could be granted only for those who filed the motion. Second, appellant

maintains that the panel chairman exceeded his authority in dismissing the claim against any of the four defendants without giving her time to respond to the motion.

Both of these objections are resolved by the language of the Act, which provides in pertinent part:

(1) A claim filed after July 1, 1986, *shall be dismissed*, without prejudice, if the claimant fails to file a certificate of qualified expert with the Director ... within 90 days from the date of the complaint.

\* \* \* \* \* \*

(5) An extension of the time allowed for filing a certificate of a qualified expert ... may be granted for good cause shown.

§ 3–2A–04(b)(1), (5).

 Basically, appellant's argument is that the provision for an extension of the 90 day period for good cause makes dismissal under (b)(1) discretionary. Therefore, appellant argues, the panel chairman could not grant the motion to dismiss without giving her time to respond to the motion, nor could he grant the motion on behalf of those defendants who did not request it. Appellant's interpretation ignores the language in (b)(1) which makes dismissal mandatory with a directive that the claim *"shall be dismissed"* if the certificate is not filed on time. § 3–2A–04(b)(1). (Emphasis added). The word "shall" in a statute is "presumed mandatory on the parties, denoting 'an imperative obligation inconsistent with the exercise of discretion.'" *Tranen v. Aziz*, 59 Md.App. 528, 534, 476 A.2d 1170 (1984) (*citing Johnson v. State*, 282 Md. 314, 321, 384 A.2d 709 (1978)). Unless the context indicates otherwise, "shall" and "must" will be construed synonymously "to foreclose discretion" and "impose a positive absolute duty." *Id.* 59 Md.App. at 534–35, 476 A.2d 1170.

We find nothing in the statute to indicate that subsection (b)(1) does not mean what it says when it states that the claim "shall be dismissed" if the certificate is not filed timely. As a rule of statutory construction, statutes which

relate to the same subject matter should be construed together so as to give full effect to the provisions of each. *See Haskell v. Carey,* 294 Md. 550, 451 A.2d 658 (1982); *Moore v. Town of Fairmount Heights,* 285 Md. 578, 585, 403 A.2d 1252 (1979). Subsection (b)(1) (which states that the certificate must be filed within 90 days) and subsection (b)(5) (which gives a claimant the right to request an extension) can be construed consistently if (b)(5) simply gives a claimant the right to request an extension *before* the expiration of the 90 day period. If such a request is not made and granted, then dismissal is mandatory under (b)(1) for noncompliance with the statute.

Our decision that dismissal is mandatory if the claimant does not file the certificate timely also disposes of the grounds appellant advances in support of her motion to vacate. It thus is immaterial whether the motion to dismiss was made by one rather than four defendants. It also makes notice and a hearing on the mandatory dismissal unnecessary. Appellant had the opportunity to request an extension of time before dismissal, and thereafter for reconsideration of the dismissal. This is all that justice requires.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.