632 A.2d 1170

Aaron ROTH

v.

**DIMENSIONS HEALTH CORPORATION et al.**

**Misc. No. 7, Sept. Term, 1993.**

Court of Appeals of Maryland.

Nov. 15, 1993.

**628**

Robert R. Michael (Shadoan and Michael, on brief), Rockville, for appellant.

Jeffrey L. Harding (Sasscer, Clagett & Bucher, on brief), Upper Marlboro, for appellees.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, and ROBERT M. BELL, JJ.

CHASANOW, Judge.

This certified question arises from a medical malpractice claim filed by the Plaintiff, Aaron Roth, in the Health Claims Arbitration Office. At the time of the claim, Maryland Code (1974, 1984 Repl.Vol., 1987 Cum.Supp.), Courts & Judicial Proceedings Article, § 3–2A–04(b) [1] required that a claimant file a certificate of a qualified expert [2] attesting that the injury was the result of a departure from the standard of care. The certificate had to be filed within 90 days of filing the original complaint or the claim would be dismissed. Roth failed to file

---

1. All future references in this opinion to § 3–2A–04 are to the current version of the statute found in Maryland Code (1974, 1989 Repl.Vol., 1993 Cum.Supp.), Courts & Judicial Proceedings Article, unless otherwise indicated.

2. Such a certificate must include an expert's statement that there was a departure from the requisite standards of care and that the failure to conform to these standards was the proximate cause of the alleged injury.

the certificate within the prescribed period and the Defendants moved to dismiss his claim. While the Motions to Dismiss were still pending, Chapter 688 of the Laws of Maryland amended § 3–2A–04(b)(1) to provide that, where, as in the instant case, limitations have run after the filing and where the failure to file a certificate of a qualified expert was not willful or the result of gross negligence, in lieu of dismissal the panel chair shall grant an extension of no more than 90 days for filing the required certificate. *See* Ch. 688 of the Acts of 1989.

The following question was certified to this Court by the United States Court of Appeals for the Fourth Circuit:

"Whether the July 1, 1989 amendment to section 3–2A–04(b)(1) of the Act, 1989 Md.Laws Ch. 688, applies retroactively to claims filed and pending before the Maryland Health Claims Arbitration Office (the Arbitration Office) at the time of the amendment, specifically the claim filed in this case on November 19, 1988, or only prospectively, thus applying only to claims filed after July 1, 1989."

## I.  Facts

On November 19, 1988, Aaron Roth filed a medical malpractice claim against Dimensions Health Corporation, and Drs. Joseph J. Colella, Jr., Benjamin Slivko, Peter M. Jamieson, and Gabriel B. Jaffe. The claim filed in the Health Claims Arbitration Office alleged negligence on the part of the above-named Defendants for (i) failure to properly diagnose and treat Roth's medical condition, (ii) failure to properly administer and monitor medications, and (iii) failure to properly monitor and review Roth's medical chart. Roth was allegedly rendered totally deaf as a result of over-medication with amikacin, a drug used to combat an infection, administered to him on or about November 20, 1985.

Roth was required to file a certificate of a qualified expert within 90 days after the November 19, 1988 filing of his complaint. Md.Code (1974, 1984 Repl.Vol., 1987 Cum.Supp.),

Cts. & Jud.Proc. Art., § 3–2A–04(b). Roth did not ask for an extension nor did he file the certificate until April 4, 1989. The health care providers then filed Motions to Dismiss based on Roth's late filing of the certificate. While these motions were still pending, the Maryland General Assembly amended § 3–2A–04(b)(1) to include the following:

> "(ii) In lieu of dismissing the claim, the panel chairman shall grant an extension of no more than 90 days for filing the certificate required by this paragraph, if:
>
> 1. The limitations period applicable to the claim has expired; and
>
> 2. The failure to file the certificate was neither willful nor the result of gross negligence."

Section 3–2A–04(b)(1)(ii) (codifying Ch. 688 of the Acts of 1989). Section 3 of Chapter 688 provides that "this Act shall take effect July 1, 1989." The Defendant health care providers conceded that the failure to file was not willful nor the result of gross negligence and that the statute of limitations expired. They contended, however, that amended § 3–2A–04(b)(1) only applies prospectively and is not applicable to this case. The hearing on the Motions to Dismiss was held September 11, 1989, subsequent to the effective date of the new Act.

Over eight months later, on May 29, 1990, the panel chairman filed a Memorandum Opinion and Order with the Health Claims Arbitration Office which granted Defendants' Motions to Dismiss. Roth filed a Petition and Motion to Vacate the Arbitration Award in the United States District Court for the District of Maryland, and on September 9, 1991, the District Court denied Roth's Motion to Vacate the Arbitration Award and granted Defendants' Motions to Dismiss based on essentially the same grounds as the panel chairman's decision. Thereafter, Roth timely filed an appeal to the United States Court of Appeals for the Fourth Circuit. Upon Roth's written motion, and after oral argument, the Court of Appeals for the Fourth Circuit certified its question to this Court.

## II. Interpretation of Statutory Language and Legislative History

Prior to its amendment in 1989, § 3–2A–04(b)(1) of the Courts & Judicial Proceedings Article provided as follows:

"(b) *Filing of certificate of qualified expert.*—Unless the sole issue in the claim is lack of informed consent:

(1) A claim filed after July 1, 1986, shall be dismissed, without prejudice, if the claimant fails to file a certificate of a qualified expert with the Director attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury, within 90 days from the date of the complaint."

Md.Code (1974, 1984 Repl.Vol., 1987 Cum.Supp.), Cts. & Jud. Proc. Art., § 3–2A–04(b). Effective July 1, 1989, Chapter 688 of the Laws of Maryland amended § 3–2A–04(b)(1) to add the following underlined language:

"(b) Unless the sole issue in the claim is lack of informed consent:

(1) (I) EXCEPT AS PROVIDED IN SUBPARA-GRAPH (II) OF THIS PARAGRAPH, A claim filed after July 1, 1986, SHALL be dismissed, without prejudice, if the claimant fails to file a certificate of a qualified expert with the Director attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury, within 90 days from the date of the complaint.

\*     \*     \*

(II) IN LIEU OF DISMISSING THE CLAIM, THE PANEL CHAIRMAN SHALL GRANT AN EXTENSION OF NO MORE THAN 90 DAYS FOR FILING THE CERTIFICATE REQUIRED BY THIS PARAGRAPH, IF:

1. THE LIMITATIONS PERIOD APPLICABLE TO THE CLAIM HAS EXPIRED; AND

## 2. THE FAILURE TO FILE THE CERTIFI-
CATE WAS NEITHER WILLFUL NOR THE RESULT
OF GROSS NEGLIGENCE." (Emphasis in original).

Ch. 688 of the Acts of 1989 (codified at Md.Code (1974, 1989 Repl.Vol.), Cts. & Jud.Proc. Art., § 3–2A–04(b)).

This amendment to § 3–2A–04(b)(1) was enacted to rectify what was perceived as a harsh result of the interpretation of that statute in *Robinson v. Pleet*, 76 Md.App. 173, 544 A.2d 1, *cert. denied*, 313 Md. 689, 548 A.2d 128 (1988). *See McCready Memorial Hosp. v. Hauser*, 330 Md. 497, 506–08, 624 A.2d 1249, 1253–54 (1993) (discussing the General Assembly's response to *Robinson*). As explained in *McCready*, the Court of Special Appeals in *Robinson* construed § 3–2A–04(b)(1) as "mandating that a panel chair dismiss a claim for failing to file a timely expert's certificate, [within 90 days,] without first giving the claimant an opportunity to rectify the defect." *McCready*, 330 Md. at 506, 624 A.2d at 1254. This Court acknowledged that "[t]his result was potentially harsh where the statute of limitations had run because such claimants were time barred from refiling their claims, despite the fact that the claims may have been meritorious and timely when filed." *Id.* *See Robinson*, 76 Md.App. at 182–83, 544 A.2d at 5–6.

Had Roth's claim been filed after the effective date of the amendment, he would have been entitled to a 90–day extension to file the certificate and his certificate would have been timely filed within the 90–day extension period. *See McCready*, 330 Md. at 507–08, 624 A.2d at 1254–55. Roth's claim arose from allegedly negligent health care he received from the Defendants on November 20, 1985. His original claim was filed on November 19, 1988, before the statute of limitations expired.[3] If the dismissal of the claim is upheld,

---

3. Md.Code (1974, 1989 Repl.Vol.), Cts. & Jud.Proc.Art., § 5–109 provides the following:

    "(a) *Limitations.*—An action for damages for an injury arising out of the rendering of or failure to render professional services by a health care provider, as defined in § 3–2A–01 of this article, shall be filed within the earlier of:

Roth would seem to be time barred from refiling it. Since the expert's certificate was filed within the 90–day extension period and the delay was not the result of gross negligence, dismissal of the claim would be exactly the type of "harsh" result the amendment to § 3–2A–04 intended to correct.

In order to ascertain the legislative intent as to the retroactivity of § 3–2A–04(b)(1), we must begin with the section's plain language. Chapter 688 amends several subsections of § 3–2A–04. The amendment to § 3–2A–04(b)(1)(i) pertains to the requirement that a claimant file a certificate of a qualified expert and is included in the portion of the statute which provides that it shall apply to "a claim filed after July 1, 1986." On the other hand, another amendment contained in that legislation adds § 3–2A–04(b)(7);[4] it provides a different effective date:

"(7) FOR PURPOSES OF THE CERTIFICATION REQUIREMENTS OF THIS SUBSECTION FOR ANY CLAIM FILED ON OR AFTER JULY 1, 1989:

(I) A PARTY MAY NOT SERVE AS A PARTY'S EXPERT; AND

(II) THE CERTIFICATE MAY NOT BE SIGNED BY:

1. A PARTY;

2. AN EMPLOYEE OR PARTNER OF A PARTY; OR

3. AN EMPLOYEE OR STOCKHOLDER OF ANY PROFESSIONAL CORPORATION OF WHICH

---

(1) Five years of the time the injury was committed; or
(2) Three years of the date the injury was discovered.
 *     *     *     *     *     *
(d) *Effect of filing claim.*—For the purposes of this section, the filing of a claim with the Health Claims Arbitration Office in accordance with § 3–2A–04 of this article shall be deemed the filing of an action."

**4.** Section 3–2A–04(b)(7) was a new addition to the Act and was included in the same Chapter as subsection (b)(1). *See* Chapter 688 of the Acts of 1989.

THE PARTY IS A STOCKHOLDER." (Emphasis in original).

Ch. 688 of the Acts of 1989. Subsection (b)(1) would seem to be intended to apply retrospectively, giving the 90–day extension to claims which were filed after July 1, 1986 and are still pending. On the other hand, the General Assembly clearly intended the prospective application of subsection (b)(7) from July 1, 1989. The purpose of this amendment was to no longer permit defendant health care providers who qualify as experts to sign their own expert certificates. The amendment was apparently prospective only so it would not invalidate defendants' certificates which were valid when filed.

The Defendants argue, however, that Chapter 688 "unambiguously demonstrates the legislative intent that the entire Act apply prospectively...." The Defendants quote the following portion of Chapter 688 in support of this argument:

"SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall be construed only prospectively and may not be applied or interpreted to have any effect upon or application to any certificate of a qualified expert *filed by a defendant* in the Health Claims Arbitration Office prior to the effective date of this Act." (Emphasis added).

Ch. 688 of the Acts of 1989. Section 2 immediately follows subsection (b)(7) in Chapter 688, and it clearly addresses certificates of a qualified expert filed by *defendants.* The General Assembly's intent apparently was to continue to recognize as valid certificates previously signed by qualified defendants and filed on their own behalf before July 1, 1989. Consequently, when the prospectiveness language of section 2 is read in its proper context, it seems to be intended to govern only the certificate of a defendant's qualified expert.

The Defendants also argue that the Act was intended to be prospective because the following language, which would make the Act retroactive, was proposed for section 2 of House Bill 776 but was rejected by the General Assembly:

"[E]xcept as otherwise provided, this Act shall apply to any health care malpractice claim pending and to any health

care malpractice action on appeal to the circuit court and any other courts of appeal on the effective date of this Act."

Ch. 688 of the Acts of 1989. In its entirety, with additions and strike-outs, section 2 of House Bill 776 reads as follows:

"Underlining indicates amendments to bill. Strike-out indicates matter stricken from the bill by amendment or deleted from the law by amendment.

Script denotes opposite chamber/conference committee amendments.

\*　　\*　　\*

SECTION 2. AND BE IT FURTHER ENACTED, That ~~this Act shall be construed only prospectively and may not be applied or interpreted to have any effect upon or application to any certificate of a qualified expert filed by a defendant in the Health Claims Arbitration Office prior to,~~ ~~except as otherwise provided, this Act shall apply to any health care malpractice claim pending and to any health care malpractice action on appeal to the circuit court and any other courts of appeal on~~ *this Act shall be construed only prospectively and may not be applied or interpreted to have any effect upon or application to any certificate of a qualified expert filed by a defendant in the Health Claims Arbitration Office prior to* the effective date of this Act." (Emphasis in original).

Ch. 688 of the Acts of 1989 (enacting House Bill 776). Apparently, the language concerning prospective application of the Act "to any certificate of a qualified expert filed by a defendant" was originally proposed in the Bill and then a subsequent amendment provided for retroactive application of the entire Act "to any health care malpractice claim pending. . . ." These actions would seem to indicate that the originally proposed language intended prospective application of the Act to "any certificate of a qualified expert *filed by a defendant.*" *Id.* (emphasis added). The General Assembly then considered retrospective application to certificates filed by both the parties to a Health Claims Arbitration action, as evidenced by the language of the proposed amendment referred to by the

Defendants. The General Assembly ultimately decided between the two approaches and enacted the original amendment language which provides for prospective application of the defendant's filing requirements. Thus, the legislative history indicates an intention to differentiate between the retroactive application of the filing requirements for claimants, as opposed to prospective application for defendants.

### III. Procedural Versus Substantive Rights

Further support for the retrospective application of this procedural amendment can be found in the rules formulated by the courts to aid in determining whether a statute is to be applied retrospectively or prospectively. As a general rule, statutes are presumed to operate prospectively but there exists " 'no absolute prohibition against retroactive application of a statute.' " *Spielman v. State*, 298 Md. 602, 607, 471 A.2d 730, 733 (1984) (quoting *State Comm'n on Human Rel. v. Amecon Div.*, 278 Md. 120, 123, 360 A.2d 1, 4 (1976)). *See also WSSC v. Riverdale Fire Co.*, 308 Md. 556, 560, 520 A.2d 1319, 1321 (1987) (stating that, "[a]s a general rule, statutes are presumed to operate prospectively and are to be construed accordingly"). Notwithstanding this presumption, if the statute "contains a clear expression of intent that it operate retrospectively, or the statute affects only procedures or remedies, it will be given retroactive application." *Amecon*, 278 Md. at 124, 360 A.2d at 4 (citations omitted). *See Aviles v. Eshelman Elec. Corp.*, 281 Md. 529, 533, 379 A.2d 1227, 1229 (1977) (stating that, absent manifest contrary intent, change in statute or court rule affecting remedy only, not substantive rights, controls pending actions). *See also Starfish Condo. v. Yorkridge Serv.*, 295 Md. 693, 705, 458 A.2d 805, 811 (1983) and *Richardson v. Richardson*, 217 Md. 316, 320, 142 A.2d 550, 553 (1958) (both stating that statutory change affecting procedure only, and not substantive rights, applies to all actions "whether accrued, pending or future, unless a contrary intention is expressed").

*Richardson* is apposite to the instant case. In *Richardson*, former Rule 675(a)(3) provided that a decree *pro confesso*

could be set aside within 30 days from the date on which it was entered.[5] More than 30 days after a decree *pro confesso* was entered, a motion to set aside the decree was filed. Prior to a hearing on the motion, the Rule was amended to permit the decree *pro confesso* to be set aside at any time before a final decree. This Court held the amended rule governed the action and the motion to strike the decree *pro confesso* was timely, even though not filed within 30 days of the date on which the decree *pro confesso* was entered. This Court considered it "perfectly clear" that the Rule was a procedural one, 217 Md. at 320, 142 A.2d at 553, and held that, since this change had no effect on the substantive rights of the parties, but only impacted upon procedural rights, the Rule applied retroactively. *See id.* at 320–23, 142 A.2d at 553–54. The Court stated that "[w]e think that in the present case the appellee had no vested right to the maintenance of any procedural rule affecting his case until the termination thereof." *Id.* at 321, 142 A.2d at 553.

■ Likewise, the instant case concerns an amendment to § 3–2A–04(b)(1) intended to extend the time for filing a certificate of a qualified expert in a medical negligence suit filed with the Health Claims Arbitration Office. This is clearly procedural in nature and, absent any clear language to the contrary, should apply retrospectively to the pending action. As stated in the case of *Mraz v. County Comm'rs of Cecil County*, 291 Md. 81, 90, 433 A.2d 771, 776–77 (1981):

---

5. Rule 675(a)(3), as adopted to take effect January 1, 1957, read as follows:

> " 'At any time after [the passage of an interlocutory decree, and within thirty days from the date on which] a decree pro confesso shall have been entered, and before final decree, upon motion or upon its own initiative, the court may set aside the decree, and permit the filing of an answer or the interposing of other defense.' " (Brackets in original).

*Richardson v. Richardson*, 217 Md. 316, 320, 142 A.2d 550, 552 (1958) (quoting superseded Maryland Rule 675(a)(3)). The amendment to the Rule deleted the language contained within the brackets, such that a court could permit an answer at any time before the entry of a final decree. *Id.*, 142 A.2d at 552–53.

"Ordinarily, there is no vested right in procedures utilized to enforce substantive rights. Consequently, a change in the law that does not impair existing substantive rights but only alters the procedures involved in the enforcement of those rights ordinarily applies to all actions whether accrued, pending, or future unless a contrary intention is expressed." (Citations omitted).

Section 3–2A–04(b)(1) does not impair existing substantive law or the vested rights of the Defendants. It is a change to the preexisting filing requirements of the section and, as such, purely procedural in nature.

## IV. Conclusion

We hold that the July 1, 1989 amendment to § 3–2A–04(b)(1), enacted by Chapter 688 of the Laws of Maryland, applies retroactively to the claim filed by Roth on November 19, 1988 in the Health Claims Arbitration Office. We find the plain language of Chapter 688 makes clear the General Assembly's intention for § 3–2A–04(b)(1) to apply retroactively to claims filed after July 1, 1986. We also find that Chapter 688 incorporates procedural changes into § 3–2A–04(b)(1) and does not affect the substantive or vested rights of the parties. It is a curative act, intended to prevent the dismissal of potentially meritorious claims based upon an inadvertent failure to file the certificate of a qualified expert within 90 days of the original complaint.

*CERTIFIED QUESTION ANSWERED AS ABOVE SET FORTH. COSTS TO BE PAID BY APPELLEES.*