Karen A. **LARSON**, a/k/a Karen A. Karalis, as Personal Representative of the Estate of Derek James Gearhart, Deceased, et al.

v.

**PENINSULA REGIONAL MEDICAL CENTER, et al.**

No. S 97-4143.

United States District Court, D. Maryland.

Feb. 17, 1998.

rulings in regard to the "futile gesture" doctrine issue and the First Amendment issue.

Robert C. Verderaime, Elizabeth Jesukiewicz, Baltimore, MD, Steven B. Tannenbaum, Law Office, New York City, for Plaintiffs.

John R. Penhallegon, Gary Elliot Dumer, Jr., Baltimore, MD, Roy B. Cowdrey, Jr., Cowdrey, Thompson & Karsten, P.A., Easton, MD, Curtis H. Booth, Law Office, Annapolis, MD, for Defendants.

### MEMORANDUM AND ORDER

SMALKIN, District Judge.

This matter is before the Court on the defendant's motion to dismiss, on the ground that the claimants in this diversity malpractice case failed to comply with a prerequisite of Maryland law, viz., that in malpractice cases a certificate of a qualified expert attesting to departure from standards of care be filed within 90 days of filing the complaint with the Director of the Health Claims Arbitration office. Md. Cts. & Jud. Proc.Code Ann. § 3–2A–04(b)(1)(I). Plaintiffs admit that the certificate was not filed within the 90–day period required by the cited statute. They also admit that they were not entitled to an extension of the filing time under § 3–2A–04(b)(1)(ii). They claim, however, that an extension of time for filing the certificate of probable merit (COM) was properly granted by the chairman of the arbitration panel for good cause shown, as allowed by § 3–2A–04(b)(5) and § 3–2A–05(j). The motion to dismiss has been fully briefed, and no oral hearing is needed. Local Rule 105.6, D.Md.

Relying primarily on the fact that the COM was not filed until more than 180 days from the date the claim was filed, the defendant has cited McCready Memorial Hospital v. Hauser, 330 Md. 497, 624 A.2d 1249 (1993), as support for its contention that the present case must be dismissed. (Under familiar principles of federal diversity adjudication, the prerequisites to suit under the Maryland statute apply to malpractice diversity cases initiated in this Court. See, e.g., Davison v. Sinai Hospital, 617 F.2d 361 (4th Cir.1980)).

The problem with defendant's argument is that McCready confined its holding to those situations in which an extension for filing the COM is sought under § 3–2A–04(b)(1)(ii). In those cases, a claimant has an entitlement to file the COM within 180 days of filing of the claim, without having to show good cause. McCready simply held that where a claimant relies on an extension under § 3–2A–04(b)(1)(ii), the COM must be filed within 180 days from the filing of the initial claim. 330 Md. at 513, 624 A.2d 1249. McCready specifically left open the question of whether, had the claimant sought (and shown good cause for) an extension under § 3–2A–04(b)(5) and/or § 3–2A–05(j), the plaintiffs would have been entitled to an extension. Id. In addition to the language found in McCready at page 513, 624 A.2d 1249, the Court of Appeals twice referred to the separate and independent operation of the two "good cause" extension provisions just cited. 330 Md. at 506, n. 5, 624 A.2d 1249 and 330 Md. at 512, 624 A.2d 1249.

In this case, there is no question that the plaintiffs specifically sought, and obtained, a "good cause" extension at the panel level under § 3–2A–04(b)(5) and § 3–2A–05(j). The record conclusively so demonstrates. This Court will not second-guess the panel chairman's determination of good cause. The only question before the Court is whether the fact that the certificate itself was filed beyond 180 days from the date after the claim was filed made the belated filing a nullity.

The Court is of the opinion that the applicable statutes did not deprive the panel chairman of the power to grant the extension to file the COM, even beyond the 180–day period recognized in McCready. That 180–day period, by the plain language of McCready, is applicable only to extensions under § 3–2A–04(b)(1)(ii). The extensions here were sought and obtained under separate and independent extension statutes that, unlike § 3–2A–04(b)(1)(ii), have nothing at all to do with a 90–day time frame. Nothing in § 3–2A–04(b)(5) or § 3–2A–05(j) puts a temporal limitation on the panel chairman's power to allow a late filing for good cause shown. The fact that the COM was filed in this case beyond the 180–day period specified in McCready is, thus, inconsequential. The Court would also note that defendants, reli-

ance on *Robinson v. Pleet,* 76 Md.App. 173, 544 A.2d 1 (1988), is rather misplaced in light of the remarks in *McCready, supra,* to the effect that *Robinson* was essentially over-ruled by a "silver bullet" bill in the very next session of the General Assembly.

Consequently, the defendant's motion to dismiss is hereby *denied.*