J. S30029/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
        v.   :
  :
JACK R. BAILEY,   :   No. 3185 EDA 2014
  :
       Appellant   :


Appeal from the Order, October 20, 2014,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0002760-2009


BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED MAY 19, 2015**

Appellant appeals from the order denying what is effectively his third collateral petition for relief from his sentence.  Finding that such a petition is untimely, we affirm the orders below.

On June 9, 2010, appellant pleaded guilty to receiving stolen property and was immediately sentenced to 2 to 4 years' imprisonment plus restitution in the amount of $21,533.  No direct appeal was taken.

On February 15, 2012, appellant filed a ***pro se*** motion challenging the legality of his sentence of restitution.  Although untimely, we note that this petition should have been treated as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 to 9546.  The PCRA is the sole means by which a defendant may obtain collateral relief. 42 Pa.C.S.A. § 9542; ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293

(Pa.Super. 2002) ("We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."); **Commonwealth v. Lutz**, 788 A.2d 993, 996 n.7 (Pa.Super. 2001) (holding that, generally, a filing that raises issues cognizable under the PCRA will be considered a PCRA petition); **Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa.Super. 2000) (appellant's "motion to correct illegal sentence" must be treated as a PCRA petition). Moreover, counsel must be appointed even where the PCRA petition is untimely so that appellant has the assistance of counsel in determining if one of the time of filing exceptions applies.[1] **Id.** at 504.

Counsel was not appointed. A hearing was held on April 30, 2012, at which appellant proceeded **pro se**. On May 8, 2012, appellant's motion was denied. As no appeal was taken, the error in not treating this petition as a PCRA petition and appointing counsel went uncorrected.

On October 19, 2012, appellant filed a formal PCRA petition **pro se**. Therein, he claimed that he filed a **pro se** appeal from the May 8, 2012 order denying his motion challenging the legality of his sentence of restitution.[2] Counsel was appointed but, on July 1, 2013, filed a petition to withdraw and "no-merit" brief. **See Commonwealth v. Turner**, 544 A.2d

---

[1] We note that the PCRA court is required to appoint counsel for the <u>first</u> PCRA petition that is filed. Pa.R.Crim.P., Rule 904(C), 42 Pa.C.S.A.

[2] There is no trial docket entry indicating the filing of a notice of appeal.

927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Thereafter, on July 10, 2013, the court filed notice, pursuant to Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A., of its intention to dismiss appellant's petition without hearing. Following a response by appellant, appellant's petition was dismissed on December 13, 2013. Although an appeal was taken, it was discontinued on June 6, 2014. *Commonwealth v. Bailey*, No. 184 EDA 2014.

On March 25, 2014, during the pendency of the appeal of his formal PCRA petition, appellant filed a motion to vacate or modify the order of restitution. Although the motion should again have been treated as a PCRA petition and denied as an appeal of a prior PCRA petition was still pending, the court instead inadvertently granted the motion on March 26, 2014. (Notes of testimony, 10/8/14 at 2.) On August 11, 2014, appellant filed a motion for return of restitution. On September 3, 2014, the Commonwealth filed a motion to rescind the order granting appellant's motion to vacate or modify the order of restitution. On September 19, 2014, the court entered an order rescinding its mistaken order of March 26, 2014. A hearing was

held on October 8, 2014. On October 20, 2014, the court denied appellant's motions.[3] Appellant now appeals.

We first find that appellant's appeal must be treated as being taken from the denial of a PCRA petition, and no purpose would be served by remanding to the trial court to do so in this case. Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa.Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008).

Appellant's judgment of sentence became final on July 8, 2010, when the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P., Rule 903, 42 Pa.C.S.A. The instant petition, filed March 25,

---

[3] The court actually entered two separate orders; one order denied appellant's motion to vacate or modify the order of restitution and the other order denied appellant's motion for return of restitution. We treat this as a single action for the purpose of appeal.

2014,[4] is manifestly untimely and cannot be reviewed unless appellant invokes a valid exception to the time bar of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Appellant failed to invoke any exception; therefore, appellant's petition is untimely and was properly denied.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2015

---

[4] The August 11, 2014 motion for return of restitution would function as an amendment to this original petition.