J-S22006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD CARROLL CLARK, II | : | |
| | : | |
| Appellant | : | No. 1005 MDA 2018 |

Appeal from the PCRA Order Entered May 17, 2018
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001094-2013

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

JUDGMENT ORDER BY SHOGAN, J.:                    **FILED JULY 30, 2019**

Gerald Carroll Clark, II[1] ("Appellant") appeals from the court order[2] incorporating a comprehensive agreement between Appellant and the Commonwealth to resolve his claims under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  Additionally, counsel has filed a petition to withdraw representation pursuant to *Commonwealth v. Turner*, 544 A.2d

---

[1]  Appellant's birth name is Gerald Carroll Clark, II.  *Pro Se* Modification of Order, 1/13/17 (Docket Entry No. 83); Order, 5/17/18 at 2.  We have amended the caption accordingly.

[2]  Because Appellant's appeal is from the court's May 17, 2018 order incorporating the parties' agreement and not the revised judgment of sentence, we consider his June 15, 2018 notice of appeal to be timely.

---

*  Retired Senior Judge assigned to the Superior Court.

927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We vacate and remand.

On January 17, 2014, Appellant entered a negotiated guilty plea agreement based on charges arising from his 2013 failure to comply with the registration requirements applicable to sexual offenders[3] and indecent assault of a child under thirteen years of age.[4]  Following a classification hearing, the trial court designated Appellant a sexually violent predator ("SVP") and sentenced him to incarceration for an aggregate term of six years and three months to fifteen years: five to ten years on the failure-to-register charge and one year, three months to five years on the indecent-assault charge.  Order, 6/16/14.  We affirmed the judgment of sentence.  **Commonwealth v. Clark**, 158 A.3d 167, 58 MDA 2016 (Pa. Super. filed September 2, 2016) (unpublished memorandum).

Appellant filed a counseled PCRA petition.  Before the hearing commenced on Appellant's PCRA petition, the parties' entered an agreement. Pursuant to the agreement, Appellant's 2014 failure-to-register conviction and sentence were vacated; Appellant's SVP designation was vacated; Appellant's indecent-assault conviction and sentence remained in full force and effect; Appellant was subject to lifetime registration requirements as a convicted Tier

---

[3]  18 Pa.C.S. § 4915(a).

[4]  18 Pa.C.S. § 3126(a)(7).

III sexual offender pursuant to 42 Pa.C.S. § 9799.14; and Appellant withdrew all remaining claims raised in his counseled PCRA petitions. Order, 5/17/18, at 1–2.

In light of the parties' agreement, the PCRA court gave Appellant credit for time served on the failure-to-register sentence and corrected the June 16, 2014 sentence to "reflect that [Appellant's] sentence on [indecent assault] of no less than one year and three months, nor more than five years in a State Correctional Institution shall be effective September 25, 2013." Order, 5/17/18, at 2.

Based on the record, it is unclear if Appellant has completed his sentence of one year and three months to five years for indecent assault. Thus, we are compelled to remand for the PCRA court to determine **within twenty days of this Order** whether Appellant is still serving a sentence related to the above-captioned appeal and, therefore, remains eligible for collateral relief. *See* 42 Pa.C.S. § 9543(a)(1)(i) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted: (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]"). The PCRA court shall provide an expiration-of-sentence date.

Order vacated. Case remanded with instructions. Panel jurisdiction retained.